**TXXN, INC., Appellant,**

v.

**D/FW STEEL COMPANY, Appellee.**

No. 2–81–012–CV.

Court of Appeals of Texas, Fort Worth.

April 29, 1982.

Geary, Stahl & Spencer and David E. Thomas, Dallas, for appellants.

Michener, Swindle, Whitaker, Pratt & Mercer and Mack Ed Swindle, Ragan S. Tate, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

## OPINION

JORDAN, Justice.

This appeal arises from a default judgment rendered against appellant TXXN, Inc.

D/FW Steel Company, appellee, filed suit on a sworn account against appellant, a corporation, seeking damages of $8,905.68 plus costs and attorney's fees. Service of process was had pursuant to Art. 2.11, Texas Business Corporation Act which provides in pertinent part:

A. The president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of the corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served.

B. Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served.... In the event any such process, notice, or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the corporation at its registered office.

The court below granted appellee's motion for default judgment based upon appellant's failure to appear or answer within the time required by law.

We affirm.

Appellant attacks the default judgment rendered below on the ground that although service was made upon the Secretary of State as appellant's agent for service, that no actual notice was given it and that it knew nothing of the suit until after rendition of judgment.

By point of error, appellant challenges the sufficiency of service, charging that appellee failed to strictly comply with the statutory directives of Art. 2.11, *supra.* We note that the general presumptions of due service of citation in support of a default judgment will not be indulged and that the record must show strict compliance with the provided manner and mode of service of process. *Whitney v. L & L Realty Corporation*, 500 S.W.2d 94 (Tex.1973); *Texas Inspection Serv., Inc. v. Melville*, 616 S.W.2d 253 (Tex.Civ.App.—Houston [1st Dist.] 1981). In passing on the question of strict compliance with the statute in a case such as this one, the reviewing court must look to the face of the record. If the record contains pleadings which if true would require the defendant to answer, and if it also contains proof that defendant was served in the required manner, then the court may uphold the default judgment. See *Alpha*

*Guard, Incorporated v. Callahan Chemical Company*, 568 S.W.2d 448 (Tex.Civ.App.—Austin 1978, no writ); also *Charles Cohen Inc. v. Adams*, 516 S.W.2d 464 (Tex.Civ.App.—Tyler 1974, no writ).

We hold that the record before us satisfies these requirements. In its petition, appellee alleged that appellant's registered agent for service of process was Preston E. Perdue and that it had attempted to serve Perdue at appellant's registered office, its last known mailing address for service of process being 204 Carillon Tower East, 13601 Preston Road at LBJ, Dallas, Dallas County, Texas. The pleadings further alleged that Perdue could not be found at that address despite a reasonably diligent search, and that service should therefore be had upon the Secretary of State as agent for service of process as provided for in Art. 2.11. An unserved citation of service returned by the constable bears out the allegations made in the petition, while another citation of service, served thereafter, shows that it was properly made upon the Secretary of State as agent for service of process. A certificate of the Secretary of State shows that a copy of the citation was forwarded by registered mail to the address of the appellant's registered office, but was returned with the notation: "Not Deliverable As Addressed, Unable To Forward". We find that the pleadings if true would require an answer from the defendant and that the citations of service and the certificate of the Secretary of State are proof that the appellant was served in compliance with Art. 2.11. The face of the record therefore is sufficient to support a showing of strict compliance with the statutory method of service of process. Appellant's point of error is overruled.

By a separate point of error, appellant, who admittedly had not maintained a proper registered office, contends that its right to due process of law was violated by appellee's failure to attempt service of process upon appellant at an address, where appellee allegedly knew appellant could be found. Appellant directs the court's attention to two letters between the parties as well as an invoice attached to appellee's pleadings which show the address for correspondence with appellant to be not the Preston Road address at which service of process was attempted, but an address at Greenville Avenue and LBJ Freeway in Dallas. Appellant argues that had appellee exercised due diligence in attempting service of process, such attempt would have included the service of process at the Greenville Avenue address since it was at that address where appellee had carried on business with appellant. The two letters contained in the transcript submitted to this court were not a part of the pleadings and were not introduced pursuant to any proceeding below. We hold that these letters are therefore not a part of the record and will not be considered by this court. We further hold that the invoice attached to the pleadings does not show that service should have, or even could have been made at the address listed thereon. The relevant statutory provisions created a scheme whereby an agent for service of process upon a corporation may be served at a registered office. Art. 2.11, *supra.* Although a president, vice president or registered agent may be served, there is a possibility and even a probability in many cases that none of these agents would be found at a corporation's place or places of business. We therefore hold that the address found on the invoice creates no presumption that appellant was amenable to service at that address.

We also find that appellant's argument that due process of law was denied it totally without merit in light of Articles 2.09, 2.10 and 2.10–1, Texas Business Corporation Act. These articles require corporations in this state to maintain a registered agent and office in this state, and also require that corporations notify the Secretary of State of any change in either. This appellant failed to do.

Due process of law requires that in order for defendant to have a fair and adequate notice of a proceeding such notice should be by means "such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v.*

Central Hanover Tr. Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). We hold that the rule set out in *Mullane* was not offended in the case at hand. The method of service adopted by appellee was calculated to give appellant notice beyond even a reasonable likelihood and would have had appellant maintained a registered office. The failure of the method of service in this case was the result of appellant's own failure to comply with the statutory requirements which were designed to assure it of notice of pending suits, not of any failure on the part of appellee. The ground of error is overruled.

The judgment below is affirmed.