### TANKARD–SMITH, INC. GENERAL CONTRACTORS, Appellant,

v.

### John THURSBY, Appellee.

### No. B14–83–239CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 6, 1983.

Rehearing Denied Dec. 15, 1983.

Michael A. Pohl, Gilpin, Maynard, Parsons, Pohl & Bennett, Houston, for appellant.

K. Michael Mayes, Hope & Mayes, Conroe, for appellee.

Before PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is a writ of error proceeding in which appellant attacks the default judgment as void on three grounds: (1) no service of citation, (2) the form of notice used was constitutionally infirm and (3) it was "based upon a void ex parte severance order." In other points appellant asserts evidentiary error which voids the judgment. We affirm.

A somewhat detailed statement of the record before us is necessary. Appellee's original petition, alleging a personal injury cause of action, was filed on February 4, 1982 against Martz Brothers, Inc., National Supply Company, Inc., and Tankard-Smith, Inc., General Contractors. It alleged appellant was "a duly organized corporation and may be served with process of service by serving its registered agent for service, Curtis R. Smith, 1010 Jefferson Street,

Houston, Texas." Citation was issued for appellant on February 8, 1982 and returned to the clerk's office unexecuted on May 25, 1982. The deputy constable's return indicates the reason for it being returned unexecuted was because the address of 1010 Jefferson Street was a "wrong address." On April 12, 1982, appellee's attorney sent a letter to the district clerk requesting him to prepare a citation for appellant "for the following address: Tankard-Smith, Inc., General Contractors, to be served through the Secretary of State, Austin, Texas." The citation was issued on May 6, 1982 and the return thereon by the Travis County Sheriff shows it was executed on May 17, 1982 "by delivering to Tankard-Smith, Inc., General Contractors by delivering to David A. Dean, Secretary of State of Texas as agent for defendant, in person" the citation and copies of the petition. The certificate of the Secretary of State shows that two copies of the citation and petition were served upon the Secretary of State on May 17, 1982 and that a copy thereof was forwarded by certified mail return receipt requested, on May 21, 1982 addressed to "Tankard-Smith, Inc., General Contractors Registered Agent, Curtis R. Smith, 1010 Jefferson Street, Houston, Tx. in accordance with the provisions of Article 2.11, Texas Business Corporation Act" and that on June 1, 1982, the citation was returned to the Secretary of State's office bearing the notation "insufficient address."

Appellee's motion for interlocutory default judgment, filed on June 21, was granted and signed by the trial court on June 24, 1982. Appellee's motion to sever the cause of action against appellant "from all other causes of action in the above cause," was granted by the trial court on July 15, 1982. A hearing on damages was set for September 7, 1982, following which hearing the trial court signed a final default judgment on September 14, 1982. Following efforts to execute on the judgment, appellant filed a motion to set aside the default judgment "on or about" January 10, 1983. On January 17, 1983, the trial court granted appellee's "Application for Turnover" and other relief and set a hear-ing for January 24, 1983. On January 28, 1983, the trial court signed an order granting appellant's motion to set aside the default judgment. Subsequently, on April 6, 1983 the supreme court conditionally granted a writ of mandamus and in obedience thereto the trial judge, on May 5, 1983, vacated his order setting aside the default judgment. In the meantime, on March 8, 1983, appellant filed its petition for writ of error which is the subject of this appeal.

In its first point of error, appellant alleges the judgment to be void "because the court never acquired personal jurisdiction over Tankard-Smith since the record affirmatively shows that citation was not served on Tankard-Smith." While in its argument appellant apparently recognizes that to be successful "the face of the record" must reveal error which would invalidate the default judgment, it nevertheless argues that "it was impossible for appellee to validly serve appellant through the Secretary of State because appellee knew when he sent the citation to the Secretary of State the address given was incorrect and would not apprise Tankard-Smith of the suit. Consequently, the Secretary of State's notice could not be valid because an address was used which the appellee knew was incorrect." (While immaterial in this proceeding, appellant repeatedly argues in its brief, without any support in the record, that appellee provided the Secretary of State with the address of 1010 Jefferson Street to which the Secretary sent the citation. Appellee denies the truth of this statement.)

We cannot accept appellant's reasoning. The Texas Business Corporation Act places the duty upon corporations to maintain a registered agent and office in this state and to notify the Secretary of State of any change in either. Section B of Article 2.11 prescribes the procedure to be followed when service cannot be had upon the corporation at its registered office. The record in this case shows such procedure was strictly followed when the Secretary of State "forwarded by registered mail" the citation and petition "addressed to the cor-

poration at its registered office." This is proof "on the face of the record" that appellant was served "in the manner required by the statute." This is all that is required according to the supreme court in *Whitney v. L & L Realty Corporation,* 500 S.W.2d 94 (Tex.1973). The fact that appellant did not receive the citation mailed by the Secretary of State was not the fault of appellee, but was the result of appellant's failure to comply with the provisions of the Business Corporation Act and notify the Secretary of State of its change of address. We hold that the face of the record sufficiently shows strict compliance with the statutory method of service process as authorized by Article 2.11, Texas Business Corporation Act, and overrule appellant's first point of error.

■ In connection with the above, we must address a procedural matter presented to this court by motion. On May 25, 1983, appellant filed a motion for leave to file supplemental transcript. Subsequent to our granting this motion, appellee filed a motion to strike the supplemental transcript and appellant filed a response thereto. We ordered both motions carried with the case. The material appellant seeks to bring before this court by this supplemental transcript is a "Statement of Change of Registered Office or Registered Agent, or Both, by a Texas Domestic Corporation" filed by appellant in the office of the Secretary of State on August 14, 1981. According to appellant's motion, this document was not discovered until May, 1983 and, when found, was caused to be filed in the office of the Harris County District Clerk on May 24, 1983. As we view the recitations in this document, it appears to be ambiguous and subject to interpretation, but that is of no importance at this time. We express no opinion whether it could afford any relief in some other proceeding at some other time. However, in this proceeding we cannot consider it nor give it any weight for the simple reason that it was not before the trial court prior to final judgment. Obviously this is not a matter appearing "on the face of the record" and we are not authorized to consider it, even in the absence of a

motion to strike. *TXXN, Inc. v. D/FW Steel Co.,* 632 S.W.2d 706 (Tex.App.—Fort Worth 1982, no writ). Relying upon *Fields v. Cotten,* 383 S.W.2d 84 (Tex.Civ.App.—Beaumont 1964, no writ) appellee maintains this court does not have the power to supplement the record as appellant requested. On the other hand, appellant seeks to distinguish the *Fields* case because the envelope there in question "was not on file with the district clerk and appears not to have been filed with the trial court." We do not agree that a document *filed* with the district clerk some eight months following the signing of the final judgment is entitled to consideration on appeal. It was not before the court as a filed instrument prior to judgment nor was it offered into evidence. Under these circumstances we erroneously granted appellant's motion to supplement the record and, accordingly grant appellee's motion to strike the supplemental transcript filed in this court by appellant on June 9, 1983.

■ In its second point of error, appellant contends the judgment is void "because the form of notice used by appellee did not meet the minimum notice required by the Fourteenth Amendment to the Constitution of the United States and TEX. CONST. art. I, § 19." Under an almost identical fact situation, a similar due process attack was made upon such service on the Secretary of State in *TXXN, Inc. v. D/FW Steel Co., supra,* and was rejected. That court reasoned, and we agree, that the failure of the method of service was the result of the corporation's own failure to comply with the statutory requirements which are designed to assure it of notice of pending suits. Surely, under these circumstances appellant cannot be heard to complain of a lack of due process. Appellant's second point of error is overruled.

In its third point of error, appellant attacks the judgment as void "because the trial court had no power to render a final judgment since the final judgment was based on a void ex parte severance order." Appellant argues that in multi-defendant

negligence cases, Article 2212a, TEX.REV. CIV.STAT.ANN., prevents the judicial determination of final liability of any one defendant before the judicial determination of final liability of all defendants and therefore the severance order was void. The severance order being void, it reasons, renders the final judgment "void from the face of the record" enabling an attack thereon in this writ of error proceeding.

 Appellee argues this attempted attack is not authorized because in a writ of error proceeding one "(1) may only attack the Final Judgment, and (2) may only attack it by affirmatively establishing from the record (not the statement of fact or other extraneous matters) that the court did not have jurisdiction over the appellant due to insufficient service of process," citing *Texaco, Inc. v. McEwen,* 356 S.W.2d 809 (Tex.Civ.App.—Dallas, 1962, writ ref'd n.r. e.). Innumerable cases establish that in a writ of error proceeding in the intermediate appellate court the error must appear "on the face of the record." In *Gourmet, Inc. v. Hurley,* 552 S.W.2d 509 (Tex.Civ.App.—Dallas 1977, no writ) the court stated that the terms "on the face of the record" did not include "evidence introduced at a hearing, whether written or oral, which would be included in the statement of facts." However, the language as there used was referring to the requirement that if the direct attack on the judgment by writ of error was because of lack of service, the face of the record must show service to have been proper. *See McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965). In *Prine v. American Hydrocarbons, Inc.,* 519 S.W.2d 520 (Tex.Civ. App.—Austin, 1975 no writ) it was held that proof on motion for new trial that service of process was *in fact* made could not validate the default judgment previously entered because "[I]f the trial court did not have jurisdiction over the person of Prine at the time of the entry of the default judgment, jurisdiction could not then be created upon the basis of proof of service that was introduced after the entry of judgment being attacked." Appellee's argument is, therefore, too restrictive. The writ of error in our practice is but another mode of appeal and is available to one who did not participate in the trial. *Smith v. Smith,* 544 S.W.2d 121 (Tex.1976). Where it is available, it affords review of the trial proceedings of the same scope as an ordinary appeal. *O'Connor v. Glitsch Engineering & Sales Corp.,* 589 S.W.2d 808 (Tex.Civ.App.— Dallas 1979, no writ); *White v. Douglas,* 569 S.W.2d 635 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); *Spears v. Brown,* 567 S.W.2d 544 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); *Riley v. Mead,* 531 S.W.2d 670 (Tex.Civ.App.—El Paso 1975, no writ); *Canavan v. Truss-Tex Component Company,* 511 S.W.2d 318 (Tex.Civ.App.— Houston [1st Dist.] 1974 writ ref'd n.r.e.); *Middlemas v. Wright,* 493 S.W.2d 282 (Tex. Civ.App.—El Paso 1973, no writ); and *Collins v. Collins,* 464 S.W.2d 910 (Tex.Civ.App. —San Antonio 1971, writ ref'd n.r.e.). In each of these cases the various courts held that any error properly assigned was available for review by writ of error. However, the problem in an appeal by writ of error is for the appellant to be able to "properly assign" error. This is so because appellant, or the plaintiff in error, did not appear at trial and the record would seldom, if ever, contain an objection during the trial to form the basis for appellate review. This of course was not the problem when fundamental error was available. However, now that "fundamental error in civil cases survives today only in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas," *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982), appellate review by writ of error is extremely limited. To permit the appellant in an appeal by writ of error to raise for the first time on appeal issues which the appellant in the normal appeal cannot raise would be rewarding the defendant for not appearing and participating, for whatever reason, in the trial proceedings. Against this background, we will address point of error number three and appellant's other assigned errors.

First, appellant argues that because the judgment was void, he is therefore able to attack it for the first time on appeal. We disagree. Appellant's failure to answer is deemed an admission of the fact allegations of appellee's petition. *Gourmet, Inc. v. Hurley, supra.* Therefore its negligence was established and the interlocutory default judgment, signed on June 24, was the next procedural step. The motion for severance, filed on June 21, contains a "Certificate of Service" in which it is stated that a copy was forwarded "to all counsel of record by certified mail, return receipt requested" and the transcript includes a "Notice of Motion" addressed to one of the other defendants communicating the date and hour set for the hearing on the motion. We do not follow appellant's argument that the severance order, signed on July 15, was ex parte and therefore void. It was, no doubt, ex parte as far as *this* appellant was concerned, but at the time it was granted the interlocutory default judgment against this appellant had already been granted. We fail to understand how TEX.REV.CIV.STAT.ANN. art. 2212a prohibits the trial court, after liability has been determined, as in the case before us, from severing the cause of action against multiple defendants. Appellant's reliance upon *National Surety Corp. v. Standard Concrete Pipe Sales Co.,* 366 S.W.2d 103 (Tex.Civ. App.—Houston 1963, no writ) is, we feel, misplaced because there the claim for attorneys fees was dependant upon a successful claim on a suit on account and was incapable of being severed. Whether this appellant is entitled, in subsequent proceedings, to contribution from the other defendants would not deprive the trial court of authority to sever the cause of action against *this* appellant after *appellee's* right to recover had *already* been determined. Appellant has filed a supplemental brief to which is attached a copy of an opinion in *Compugraphic Corporation v. Morgan,* 656 S.W.2d 530 (Tex.App.—Dallas, 1983, writ requested). In that personal injury case the court held the trial court erred in severing the cause of action as between the two defendants, one of whom had not answered. It is unclear from the opinion at what point the severance was ordered. If it was ordered prior to granting the interlocutory default judgment, we agree the severance was improper. On the other hand, if the severance was ordered after the interlocutory default judgment was granted, we disagree with the holding of the Dallas court. None of the cases that court relied upon in support of its conclusion that severance was improper dealt with severance following the grant of an interlocutory default judgment. We, therefore, do not consider the Compugraphic case as authority to hold the severance was error. Among the cases cited by appellee is *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76 (1959). While the question before the court in that case was the appealability of an order severing a single cause of action, the reasoning used by the court is equally applicable here. The court pointed out that the "Rules of Civil Procedure bestow upon the trial courts broad discretion in the matter of consolidation and severance of causes, and the action in such matters will not be disturbed on appeal except for abuse of discretion." Since the defendant in that case did not object to the severance, the supreme court stated he was in no position "to complain of a mere error in granting the same." We, therefore, hold that *if* it was error for the court to sever the cause of action against this appellant, such action did not render the judgment void. There being no objection to such severance, appellant is in no position to complain. Appellant's third point of error is overruled.

In point of error number four of its original brief, appellant contends the judgment is void "because appellee did not prove the reasonableness of the charges set out in Exhibits 2, 3, 4, and 5." There were, of course, no objections by appellant during trial. Consistent with our discussion above, this matter cannot be raised for the first time on appeal. This point of error is, therefore, overruled.

In point of error number five, appellant contends "Exhibits 2, 3, and 5 were inadmissible as hearsay." Although it does ap-

pear that Exhibits 2, 3, and 5 were inadmissible hearsay, we find ample competent evidence to support the trial court judgment. Appellant's fifth point of error is overruled.

In a supplemental brief, appellant raises four additional points of error. Number six contends there is no evidence showing that appellee's injuries resulted from appellant's conduct, number seven contends there is no evidence that appellant owed a duty to appellee or that appellant breached a duty owed to appellee; number eight contends there is insufficient proof of the amount of damages, and number nine contends there is no competent testimony concerning much of appellee's injuries. In its argument in support of each of these points other than eight, appellant again relies heavily upon the Dallas court opinion in *Compugraphic Corporation v. Morgan, supra.* There, the court acknowledged the general rule that "all allegations of a pleading not traversed by an answer are taken as admitted" and that in the case of unliquidated damages, they must be proved. The authorities upon which the court relied for these propositions, so said the court, "imply that it is *legally recoverable damages* which must be established by competent evidence at the assessment hearing (emphasis theirs)." The court then states:

> Although Compugraphic cites no authority expressly so holding (and our own research has located none), we believe the rule to be, and we now hold, that at the damage assessment hearings in default cases pursuant to Rule 243, the complaining party is obliged to come forward with sufficient competent evidence to establish not only the amount of the alleged damages but also that such damages were the proximate result of the alleged wrongful acts of the defaulting party.

In 1849 the supreme court in *Long v. Wortham,* 4 Tex. 381, established the rule that where judgment is by default, the facts set out in the petition are taken as proved. So far as we can determine, this rule has never been abandoned or changed by the supreme court. We, therefore, disagree with the reasoning of the Dallas court

extending this well-established rule. If the rule is to be changed, it is up to the supreme court to do so. Accordingly, we conclude the allegations of the petition, taken as proved, preclude appellant's attack set forth in points of error six, seven and nine, and each of these points is overruled.

We construe the eighth point of error to complain of the factual sufficiency of the evidence to sustain the damage award of $250,000.00. Since the 1981 amendment to Tex.R.Civ.P. 324, there is no requirement for an appellate predicate to complain of the factual sufficiency of the evidence. Accordingly, we hold this issue is properly before us for review. When testing the factual sufficiency of the evidence, the court of appeals normally has before it conflicting evidence it must factually weigh. However, in this writ of error proceeding, the only evidence before us is the documentary evidence admitted and appellee's testimony. There is no conflicting evidence for us to weigh. However, looking at this evidence we find, and the trial court must have found, that as a result of the fall, appellee received the following injuries: his left elbow was broken in three places and had to be replaced with an artificial joint; two front teeth were broken and had to be replaced and his left knee and foot were injured. His medical bills totaled approximately $3,400.00 and at the time of trial he was still under the doctor's care. He was unable to work for approximately six months, and when able to return to work, he was unable to execute his duties as he could prior to the injury. He testified that he suffered a loss of $200.00 to $400.00 per week in reduced wages. It was shown he had a life expectancy of 34.3 years, and he testified "I probably will be working for the rest of my life." The trial judge, after hearing the testimony, made the damage award and there is sufficient evidence to support it. Under these circumstances and given this evidence we cannot substitute our judgment for that of the trial judge. Appellant's point of error number eight is overruled.

The judgment is affirmed.