**ADVERTISING DISPLAYS, INC., Appellant,**

**v.**

**Frank COTE, Appellee.**

**No. C14–86–504–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 30, 1987.

Peggy Sommermeyer, The Woodlands, for appellant.

Ronald W. Biela, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

This is an appeal by writ of error from a default judgment where citation was served on the Secretary of State of Texas as appellant's agent for service.

Appellant, Advertising Displays, Inc., asserts in two points of error that the trial court erred in granting the default judgment because (1) it lacked jurisdiction over appellant who was not served with citation and process; and (2) reasonable diligence was not exercised in seeking service upon the registered agent at appellant's registered office. Finding no error on the face of the record before us, we affirm the default judgment.

Frank Cote, appellee, filed suit in June of 1984 against appellant for sales and lease commissions owed by appellant pursuant to an employment agreement. Citation was issued June 12, 1984, with the officer's return showing attempted service on appellant on two different dates. Citation was returned to the court unexecuted. In December 1984, an alias citation was issued for service upon appellant through mailing by certified mail, delivery restricted to addressee only, return receipt requested. The mailing was unsuccessful and the alias citation was returned unclaimed to the district clerk's office.

Appellee filed his first amended petition in April 1985 alleging that reasonable diligence had been exercised in the attempt to serve appellant through its registered agent at the registered office and that service should be obtained through the Secretary of State as appellant's agent for service pursuant to art. 2.11(B) of the Texas Business Corporation Act (Vernon 1980). The amended petition contained the following allegation:

In accordance with Art. 2.11 service on the Secretary of State shall be made by delivering duplicate copies of process to the Secretary of State, and the Secretary of State shall then immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the corporation at its registered office, namely to Advertising Displays, Inc., Attention Mr.

John Cochran, III, 12803 Covey Lane, Houston, Texas, 77099.

The citation and petition were so served but were returned to the Secretary of State unclaimed, with the notation "Forwarding Order Expired." A hearing was conducted on January 3, 1986. Appellant failed to appear or answer, and a judgment was awarded to appellee in the amount of $18,-250 plus attorney fees, interest and costs.

In its first point of error appellant contends the trial court did not have jurisdiction to grant the default judgment because there was no valid service of process on appellant pursuant to art. 2.11(B) which provides:

> Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Secretary of State of any process, notice, or demand shall be made by delivering to and leaving with him, or with the Assistant Secretary of State, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice, or demand. In the event any such process, notice, or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the corporation at it registered office. Any service so had on the Secretary of State shall be returnable in not less than thirty (30) days.

■ When a default judgment is directly attacked by writ of error, failure to affirmatively show strict compliance with the rules relating to the issuance, service and return of citation will render the attempted service of process invalid. *Cates v. Pon,* 663 S.W.2d 99 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

Appellant contends that service in this case was invalid because the Secretary of State's certificate fails to state specifically that a copy of the citation and petition was mailed to either the registered agent or the registered office of appellant. The Secretary of State's certificate contains the statement that a copy of the citation and petition that had been served on the Secretary of State had been forwarded to:

Advertising Displays, Inc.
ATTN: Mr. John Cochran, III
12803 Covey Lane Houston, TX 77099.

■ Appellant argues there is nothing in the certificate to indicate the relationship, if any, between appellant and John Cochran, III and nothing to indicate that the address to which the citation and copy of the petition were mailed was in fact the address of the corporation's registered office. However, it is not necessary that the certificate designate the registered agent or registered office. For valid substituted service on a Texas corporation, case law requires that the face of the record specifically designate the registered office of the appellant corporation. *Humphrey Co., Inc. v. Lowry Water Wells,* 709 S.W.2d 310, 311 (Tex.App.—Houston [14th Dist.] 1986, no writ). The record must show on its face that appellant's president, vice-president, or its registered agent was served at the registered office address of the corporation. *Global Truck and Equipment, Inc. v. Plaschinski,* 683 S.W.2d 766, 767 (Tex.App.—Houston [14th Dist.] 1984, no writ). If the record nowhere reflected that the individual named in the certificate was the registered agent or that the address stated therein was the registered office, appellant's contention would be correct. *Labor Force, Inc. v. Hunter, Farris & Co.,* 601 S.W.2d 146 (Tex.App.—Houston [14th Dist.] 1980, no writ). But these designations were included in appellee's first amended original petition, with the same name and address contained in the Secretary's certificate. These facts satisfy the requirements of art. 2.11. *Labor Force, Inc., supra; TXXN, Inc. v. D/FW Steel Co.,* 632 S.W.2d 706 (Tex.App.—Fort Worth 1982, no writ). Appellant's first point of error is overruled.

■ In his second point of error appellant argues there was no showing that reasonable diligence was exercised in seek-

ing service upon the registered agent at the registered office. We find the record does show reasonable diligence was used. The first citation and officer's return show two attempts were made, dates and times included, for service of the citation which was directed to appellant through its registered agent at the address stated in appellee's petition to be the registered office. The typed address of the alleged registered office on the citation is marked out with a line and a different address written in the margin along with "B/A" meaning "Bad Address." A notation on the return states, "Return to Court for out of County Service." Attempts at service were made of the alias citation by certified mail to appellant's registered agent at its registered office, pursuant to Texas Rule of Civil Procedure 106(a)(2) (Vernon Supp.1986). The clerk's return and envelope returned to the district clerk show that attempts were made to deliver the citation at the registered office with delivery restricted to the registered agent and that at least two notices of attempt to deliver the citation were left at that address. The alias citation was returned to the clerk in the envelope which was stamped, "Return to Sender Unclaimed." These unsuccessful attempts at service are reiterated in appellee's petition. These facts establish reasonable diligence was exercised by appellee in seeking service upon the registered agent at the registered office. *See Tankard-Smith, Inc. General Contractors v. Thursby*, 663 S.W.2d 473 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *TXXN*, 632 S.W.2d at 708.

 Appellant complains that because the typed address on the citation was marked out by the constable and another address written in the margin reasonable diligence to serve the registered agent was not exercised. However, in a similar case in which appellee was aware of an address for the place of business other than that of the registered office, it was held that knowledge of the address created no presumption that appellant was amenable to service at that address. The relevant statutory provisions create a scheme whereby an agent for service of process upon a corporation may be served at its *registered office*. *TXXN*, 632 S.W.2d at 708.

 Appellant attached to its brief a certificate from the Secretary of State which indicates a change of address of appellant's registered office filed with the Secretary of State, February 20, 1985, prior to substituted service upon the Secretary of State. However, this court has previously held that in a writ of error proceeding, this court cannot consider such a document or give it any weight for the simple reason that it was not before the trial court prior to final judgment. *Tankard-Smith*, 663 S.W.2d at 476. Obviously, this is not a matter appearing "on the face of the record" as it was not before the court as a filed instrument prior to judgment nor was it offered into evidence. *Id.* Therefore, we are not authorized to consider it at all in this proceeding. Appellant's second point of error is also overruled.

Finding no error on the face of the record before us, we affirm the lower court's judgment.