TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00358-CV






Interaction, Inc./State of Texas, Appellants



v.



State of Texas/Interaction, Inc., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 95-00056, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 







 The State of Texas sued Boutros Investments, Inc. No. 7 (Boutros 7) and
Interaction, Inc. to recover delinquent taxes owed by Boutros 7. Because both defendants failed
to answer, the trial court rendered a default judgment against Boutros 7 and Interaction. 
Interaction filed a petition for bill of review alleging it had not received notice of the State's suit. 
The trial court granted the petition, and after a trial to the court, rendered judgment for the State. 
On appeal, Interaction raises three points of error: that the evidence is factually and legally
insufficient to support the judgment, that there is no basis in law to support a judgment against
Interaction for taxes owed by Boutros 7, and that the judgment is not supported by the findings
of fact. On cross-appeal, the State asserts that the trial court erred in granting the bill of review
and proceeding with a trial on the merits. We will reverse the trial court's order granting the bill
of review and render judgment that the trial court's default judgment be reinstated. 


FACTUAL AND PROCEDURAL BACKGROUND

 This dispute involves liability for gasoline and sales taxes that Boutros 7 incurred
as operator of Webster Conoco, a convenience store that sells gas, groceries, beer, and other
incidentals. An audit of Boutros 7 by the Comptroller for the period between 1989 and 1991
revealed unpaid sales taxes amounting to $7,432.95 and gasoline taxes totaling $213,185.35. The
Comptroller conducted a hearing on September 11, 1991 and thereafter issued Certificates of
Delinquency against Boutros 7.

 Pierre Tanios owned Boutros 7, which leased the Webster Conoco premises from
Dwayne T. Warner. At some point not clear from the record, Tanios moved to Louisiana. 
Warner testified that Assad Boulos, vice president of Interaction, called to tell him that Tanios had
moved and that Interaction was taking over the Webster Conoco store. Warner recorded a deposit
of $1700 from Interaction made on September 14, 1991, representing rental fees collected for the
Webster Conoco. Interaction obtained a sales tax permit for the store on September 28, 1991 and
made its first taxable sale at this location on October 1.

 The State sued Interaction as well as Boutros 7 for the delinquent taxes alleging that
Interaction was either a statutory or common-law successor to Boutros 7. The State attempted to
serve citation on Interaction's registered agent, Simon Raef Assaad, at an address in Humble. The
officer's return indicated that the citation was not executed because Simon Assaad had moved to
Lebanon. The name and title of Interaction's vice president, Assad Boulos, and his address in
Spring were handwritten on the return. Rather than serving Boulos, the State then substituted
service on Interaction through the Secretary of State. The Secretary of State forwarded the
citation to Interaction's registered address. The State obtained a default judgment against
Interaction and Boutros 7 for $226,993.38, plus $10,000 in attorney's fees, plus interest and costs
of suit. Nothing in the record indicates that notice of entry of the default judgment was sent to
Interaction. 

 Interaction learned about the lawsuit and the default judgment when the State
garnished Interaction's bank accounts. Thereafter, Interaction filed a petition for a bill of review
alleging it had no actual or constructive notice of the lawsuit. The trial judge granted the bill of
review based on the parties' stipulations and arguments of counsel and set the cause for trial. 
Boutros 7 was not a party to the bill of review or the trial.

 The trial court held Interaction liable for the delinquent taxes. In its conclusions
of law, the trial court held that Interaction was a continuing enterprise of and a successor to
Boutros 7 and that the two corporations operated as a single enterprise. It also held that
Interaction was used as a sham to perpetrate a fraud on the State. On appeal, we will first
consider whether the court erred in granting the bill of review. If the State's cross-appeal is
sustained, we need not address the points of error raised by Interaction complaining of the
judgment rendered at trial.


DISCUSSION

 A bill of review is an independent, equitable action to set aside a judgment that is
no longer appealable or subject to a motion for new trial. See Axelrod R & D, Inc. v. Ivy, 839
S.W.2d 126, 128 (Tex. App.--Austin 1992, writ denied). In general, for a party to successfully
invoke a bill of review, it must allege and prove that 1) it had a meritorious defense to the cause
of action alleged to support the judgment; 2) which it was prevented from making because of
fraud, accident, or wrongful act of the opposite party 3) that was untainted by any fault or
negligence of its own. See Alexander v. Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950). However,
when a defendant does not receive notice of a lawsuit, the defendant is relieved of its burden to
prove that fraud, accident, or wrongful act prevented it from making its defense. See Texas
Indus., Inc. v. Sanchez, 525 S.W.2d 870, 871 (Tex. 1975) (per curiam). When there is no notice,
defendant's lack of fault or negligence is established. See Caldwell v. Barnes, 975 S.W.2d 535,
537 (Tex. 1998).

 In reviewing a bill of review, every presumption is indulged in favor of the court's
ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of
judicial discretion. See Harris v. Elm Oil Co., 183 S.W.2d 216, 218 (Tex. Civ. App.--Texarkana
1944, writ ref'd w.o.m.). A trial court abuses its discretion when it acts in an unreasonable and
arbitrary manner, or without reference to any guiding rules or principles. See Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Because it is fundamentally
important that finality be accorded to judgments, bills of review "'are always watched by courts
of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow
and restricted.'" Hagedorn, 226 S.W.2d at 998 (quoting Harding v. W.L. Pearson & Co., 48
S.W.2d 964, 965-66 (Tex. Comm'n App. 1932, holding approved)).

 

 On cross-appeal, the State complains that Interaction failed to meet its burden of
establishing two of the three elements necessary to prevail on a bill of review. (1) Interaction
counters that it was excused from proving these two prongs because it did not receive service of
process or notice of the default judgment. We first address Interaction's argument that it did not
receive actual or constructive notice of the lawsuit because it was not served with process. 

 The trial court issued findings of fact and conclusions of law; four of the five
findings of fact and none of the conclusions of law address service of process. The findings of
fact state that Interaction's registered agent was Simon Assaad; that the State's service of process
at the registered address was not executed because Simon Assaad had moved to Lebanon; that the
State subsequently served the Secretary of State, which forwarded citation to Interaction's
registered address; and that Interaction learned about the judgment when its bank account was
garnished. The parties stipulated that the State served the Secretary of State in accordance with
article 2.11 of the Texas Business Corporation Act. See Tex. Bus. Corp. Act Ann. art. 2.11
(West 1980 & Supp. 2000). Article 2.11 authorizes service of process on the president, all vice
presidents, and the registered agent of a corporation. See id. art. 2.11(A). When the registered
agent cannot with reasonable diligence be found at the registered office, then the Secretary of State
is designated an agent of the corporation upon whom process may be served. See id. art. 2.11(B). 
Citations of service and the certificate from the Secretary of State in the record are proof that the
corporation was served in compliance with article 2.11. See TXXN, Inc. v. D/FW Steel Co., 632
S.W.2d 706, 708 (Tex. App.--Fort Worth 1982, no writ). The stipulation that the State served the
Secretary of State defeats Interaction's argument that it was not served with process; Interaction
was served in the manner required by article 2.11 of the Texas Business Corporation Act. See
Houston's Wild West, Inc. v. Salinas, 690 S.W.2d 30, 32 (Tex. App.--Houston [14th Dist.] 1985,
writ ref'd n.r.e.).

 Interaction contends, however, that because article 2.11's language is
permissive--providing that the corporation's officers or that the Secretary of State may be
served--the State should have served Interaction's Vice President, Assad Boulos, whose name and
address were noted on the first return of service. See Tex. Bus. Corp. Act Ann. art. 2.11(A),
(B). In a similar case in which the registered agent's address was marked out and another written
in the margin, the court held that knowledge of the alternate address created no presumption that
the defendant was amenable to service at that location. See Advertising Displays, Inc. v. Cote,
732 S.W.2d 360, 363 (Tex. App.--Houston [14th Dist.] 1987, no writ) (citing TXXN, 632 S.W.2d
at 708). Although hindsight reveals that Interaction was amenable to service at the address written
on the envelope, the State was not required to presume that Boulos would be at this address or that
he was a proper agent for service. Article 2.11 does not require the State to make any effort
beyond a reasonably diligent attempt to serve Interaction's registered agent before substituting
service on the Secretary of State. See Houston's Wild West, 690 S.W.2d at 32.

 Interaction next contends that it was denied due process because it did not receive
notice of the hearing on the motion for default judgment. When a defendant has no notice on a
motion dispositive of the case, it is entitled to have the default judgment set aside. See LBL Oil
Co. v. International Power Servs., 777 S.W.2d 390, 390 (Tex. 1989) (per curiam). Due process
requires that the plaintiff use a means reasonably calculated to apprise the defendant of the
lawsuit. See Peralta v. Heights Medical Ctr., Inc., 485 U.S. 80, 84 (1988) (citing Mullane v.
Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). However, the defendant must
show that its failure to appear was not the result of its own negligence. See Winrock Houston
Assocs. Ltd. v. Bergstrom, 879 S.W.2d 144, 149 (Tex. App.--Houston [14th Dist.] 1994, no writ).

 Article 2.09 requires a corporation doing business in Texas to maintain a registered
agent. See Tex. Bus. Corp. Act Ann. art. 2.09 (West 1980). Article 2.10 describes the
procedure for changing the corporation's registered agent. See id. art. 2.10 (West 1980 & Supp.
2000). The corporation must file a statement with the Secretary of State setting forth the name
of the corporation, the former address, the new address, the names of the previous registered
agent and the new registered agent, and a statement that the change was authorized by the Board
of Directors. See id. art. 2.10A(1)-(7). Indeed, Interaction filed such a statement with the
Secretary of State changing its registered agent to Boulos, but not until January 3, 1995--almost
fourteen months after service on Interaction was attempted.

 Interaction's own failure to comply with these statutory requirements deprived
Interaction of notice of the pending suit. See TXXN, 632 S.W.2d at 709. Therefore, Interaction
is precluded from arguing that it was denied due process. Interaction did not attempt to justify
its failure to properly maintain a registered agent and has failed to satisfy its burden of proving
the elements required to invoke a bill of review. The State's method of service was reasonably
calculated to give Interaction notice and would have provided actual notice if Interaction had
informed the Secretary of State that its registered agent had changed. See id. There was no
proper basis for granting the bill of review; thus, the trial court abused its discretion, and we
sustain the State's point of error. Because the bill of review was granted erroneously, the default
judgment should remain in effect, and we do not consider Interaction's points of error complaining
of the judgment rendered at trial.


CONCLUSION

 The State properly served citation on Interaction by substituting service on the
Secretary of State. Therefore, we reverse the trial court's order granting the bill of review and
render judgment that the trial court's default judgment be reinstated.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Reversed and Rendered

Filed: May 4, 2000

Publish
1. The State stipulated that Interaction made a prima facie showing of a meritorious
defense.



ion that
the defendant was amenable to service at that location. See Advertising Displays, Inc. v. Cote,
732 S.W.2d 360, 363 (Tex. App.--Houston [14th Dist.] 1987, no writ) (citing TXXN, 632 S.W.2d
at 708). Although hindsight reveals that Interaction was amenable to service at the address written
on the envelope, the State was not required to presume that Boulos would be at this address or that
he was a proper agent for service. Article 2.11 does not require the State to make any effort
beyond a reasonably diligent attempt to serve Interaction's registered agent before substituting
service on the Secretary of State. See Houston's Wild West, 690 S.W.2d at 32.

 Interaction next contends that it was denied due process because it did not receive
notice of the hearing on the motion for default judgment. When a defendant has no notice on a
motion dispositive of the case, it is entitled to have the default judgment set aside. See LBL Oil
Co. v. International Power Servs., 777 S.W.2d 390, 390 (Tex. 1989) (per curiam). Due process
requires that the plaintiff use a means reasonably calculated to apprise the defendant of the
lawsuit. See Peralta v. Heights Medical Ctr., Inc., 485 U.S. 80, 84 (1988) (citing Mullane v.
Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). However, the defendant must
show that its failure to appear was not the result of its own negligence. See Winrock Houston
Assocs. Ltd. v. Bergstrom, 879 S.W.2d 144, 149 (Tex. App.--Houston [14th Dist.] 1994, no writ).

 Article 2.09 requires a corporation doing business in Texas to maintain a registered
agent. See Tex. Bus. Corp. Act Ann. art. 2.09 (West 1980). Article 2.10 describes the
procedure for changing the corporation's registered agent. See id. art. 2.10 (West 1980 & Supp.
2000). The corporation must file a statement with the Secretary of State setting forth the name
of the corporation, the former address, the new address, the names of the previous registered
agent and the new registered agent, and a statement that the change was authorized by the Board
of Directors. See id. art. 2.10A(1)-(7). Indeed, Interaction filed such a statement with the
Secretary of State changing its registered agent to Boulos, but not until January 3, 1995--almost
fourteen months after service on Interaction was attempted.

 Interaction's own failure to comply with these statutory requirements deprived
Interaction of notice of the pending suit. See TXXN, 632 S.W.2d at 709. Therefore, Interaction
is precluded from arguing that it was denied due process. Interaction did not attempt to justify
its failure to properly maintain a registered agent and has failed to satisfy its burden of proving
the elements required to invoke a bill of review. The State's method of service was reasonably
calculated to give Interaction notice and would have provided actual notice if Interaction had
informed the Secretary of State that its registe