Opinion issued on May 15, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00517-CV




CAMPUS INVESTMENTS, INC., Appellant

V.

ANTHONY SEAN CULLEVER AND KEVIN MICHAEL ELS, Appellees




On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 01-45698




MEMORANDUM OPINION

          This is an appeal from the denial of a bill of review. Anthony Sean Cullever
and Kevin Michael Els, appellees, sued Campus Investments Inc., appellant, and
appellant’s owner, Michael Collins, for injuries suffered when they were robbed at
gunpoint while working at appellant’s store. Appellant did not answer the lawsuit
and appellees obtained a default judgment against appellant. Appellant filed a bill of
review and a motion for summary judgment on the issue of whether appellant was
properly served with process, both of which were denied by the trial court.
          In two issues, appellant argues that the default judgment against it was void
because (1) the citation and proof of service were not on file for 10 days, and (2) the
record does not disclose that the citation and petition were forwarded to appellant’s
registered office. 
          We affirm.
Facts
          On July 6, 1997, at All Star News and Video, a store owned by appellant, two
intruders committed robbery at gunpoint. Appellees, who were working at the store,
were beaten during the robbery, and appellee Els was shot in the lower leg by a
robber using a .45 caliber handgun. 
          Appellees sued appellant, as well as appellant’s owner, Michael Collins, on
July 1, 1999, to recover damages for the injuries they suffered during the robbery. 
The record shows, in the affidavit of Deputy Constable J.D. Inman, that Constable
Inman attempted to serve appellant on four separate occasions at its usual place of
business, but was unsuccessful. Appellees then served the Secretary of State with
process, as the agent of appellant, pursuant to article 2.11 of the Business Corporation
Act. Tex. Bus. Corp. Act Ann. art. 2.11 (Vernon 1980 & Supp. 2003). The
Secretary of State’s office returned a certificate stating that the citation and appellees’
second amended original petition were received on March 30, 2000, and that a copy
of the citation and the second amended petition were forwarded to appellant at 4920
Center, Houston, Texas 77007. The certificate went on to state that the copies were
returned to the office of the Secretary of State bearing the notation “attempted - not
known.” 
           The certificate from the Secretary of State was filed on May 4, 2000. No return
of citation was ever filed. Appellant and Collins failed to respond to appellees’
petition, and the trial court entered a default judgment against them on June 9, 2000. 
The judgment for appellees, Cullever and Els, was for $321,052.00 and $303,135.00,
respectively. Subsequent to the entry of the default judgment, appellees nonsuited
Collins. Appellant filed a bill of review and motion for summary judgment, arguing
that the default judgment was void because no return of citation was on file with the
court. Appellant’s bill of review and motion for summary judgment were denied. 
Standard of Review
          In reviewing the denial of a bill of review, every presumption is indulged in
favor of the trial court’s ruling, which will not be disturbed unless it is affirmatively
shown that there was an abuse of discretion. Nguyen v. Intertex Inc., 93 S.W.3d 288,
293 (Tex. App.—Houston [14th Dist.] 2002, no pet.). To succeed in a bill of review,
the petitioner must normally allege and prove three elements: (1) a meritorious
defense to the cause of action supporting the earlier judgment; (2) which could not
be asserted because of the fraud, accident, or wrongful act of the opposing party, or
official mistake; and (3) no negligence on the part of the petitioner. West Columbia
Nat’l Bank v. Griffith, 902 S.W.2d 201, 205 (Tex. App.—Houston [1st Dist.] 1995,
writ denied). When a petitioner for a bill of review claims the judgment is void for
lack of proper service, and thus violates due process of law, the petitioner need not
prove a meritorious defense, nor show fraud, accident, or mistake by the opposing
party. Min v. Avila, 991 S.W.2d 495, 500 (Tex. App.—Houston [1st Dist.] 1999, no
pet.). When lack of proper service is claimed, the petitioner need only show (1) lack
of proper service, and (2) his own diligence in setting the default judgment aside. Id. 
Requirement for Return of Citation
          In its first issue, appellant argues that, because the return of citation from the
Secretary of State was never filed with the trial court, the default judgment is void. 
          The Texas Rules of Procedure provide the following with regard to default
judgments:
No default judgment shall be granted in any cause until the citation . . .
shall have been on file with the clerk of the court ten days, exclusive of
the day of filing and the day of judgment. 

Tex. R. Civ. P. 107. A default judgment will not withstand direct attack unless strict
compliance with the rules for service of citation affirmatively appear on the record. 
Primate Const., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994). 
          Service of process on corporations is governed by the Texas Business
Corporation Act. See Tex. Bus. Corp. Act Ann. art. 2.11 (Vernon 1980 & Supp.
2003). The act requires corporations to maintain a registered agent and registered
office, and changes in the registered agent or office can be made by filing a statement
with the Secretary of State. Tex. Bus. Corp. Act Ann. art. 2.10 (Vernon 1980 &
Supp. 2003). When a corporation fails to maintain a registered agent in Texas, or
whenever its registered agent cannot be found with reasonable diligence at the
registered office, the Secretary of State, as an agent for the corporation, may be
served with process. Tex. Bus. Corp. Act Ann. art. 2.11 (Vernon 1980 & Supp.
2003). 
          The Texas Supreme Court has held that proof of service under the long arm
statute can be satisfied by a certificate from the Secretary of State. Capitol Brick, Inc.
v. Fleming Mfg. Co., 722 S.W.2d 399, 401 (Tex. 1986). Absent fraud or mistake, a
certificate from the Secretary of State is “conclusive evidence” that the Secretary of
State received service of process. Id. 
          This court has also previously addressed the importance of certificates from the
Secretary of State. In G.F.S. Ventures v. Harris, a case where the Secretary of State
was served with process pursuant to article 2.11, the appellant attacked the validity
of the default judgment against it by arguing that there was no return of citation in the
record to show that the Secretary of State was served, and that the Secretary of State’s
certificate stating that it was served with citation was insufficient to show a valid
issuance of citation against the Secretary of State. 934 S.W.2d 813, 818 (Tex.
App.—Houston [1st Dist.] 1996, no writ). This Court held that the appellant had
underestimated the value of a certificate from the Secretary of State, and that the
certificate, which reflected that the Secretary of State was served with process and
had forwarded the service to appellant, was conclusive evidence that the Secretary of
State received and forwarded process pursuant to article 2.11, which governs service
of process against corporations. Id. This Court went on to state that “the face of the
record sufficiently shows strict compliance with the statutory method of service of
process as authorized by [article 2.11].” Id. With regard to rule 107, this Court held
that “[t]he Secretary of State’s certificate, which was sufficient proof of service, was
on file more than 10 days before the default judgment was granted, as required by
[rule] 107.” Id. at 819.
          In this case, as in G.F.S., there is a certificate in the record from the Secretary
of State, which verifies that it was served with process and that the process was
forwarded to appellant. There is no dispute that a certificate from the Secretary of
State, conclusively proving that the Secretary of State was served with process, was
on file with the court for more than 10 days before the default judgment was rendered. 
 The certificate proves that appellant was validly served with issuance of citation,
and, because the certificate was in the record for more than 10 days, we hold that the
lack of a return of citation in this case is not fatal to the default judgment against
appellant. See id. at 819.
          We overrule issue one.
Receipt of Service of Process by the Secretary of State
          In its second issue, appellant argues that the default judgment against it is void
because the citation and appellees’ second amended petition were not forwarded to
it by the Secretary of State. Appellant contends that appellees’ second amended
petition failed to state a registered office or address of appellant to which the citation
should have been forwarded, and that the record demonstrates only that the Secretary
of State forwarded the citation and petition to the wrong address. 
          We disagree with appellant’s interpretation of events. The Secretary of State
forwarded the copy of the citation and appellees’ second amended petition to 4920
Center, Houston, Texas 77007. Appellees’ second amended petition, contrary to
appellant’s assertions, did provide the address of appellant’s registered office in a
statement regarding appellees’ attempts to serve appellant at its registered office. The
petition states that “[appellant’s] registered agent, Gerald Hopkins, could not be
found at the registered office located at 4920 Center, Houston, Harris County, Texas,
77007 . . . .” Appellant does not argue that the forwarding address used by Secretary
of State was not appellant’s registered address, and the record indicates that a copy
of appellant’s assumed name records certificate, which was on file with the trial court,
stated that appellant’s registered office was located at 4920 Center, Houston, Texas
77007.
          Appellant has the responsibility of notifying the Secretary of State when it
changes the address of its registered office. Tex. Bus. Corp. Act Ann. art. 2.10-1
(Vernon 1980 & Supp. 2003). When it fails to do so, it cannot later complain that it
did not have notice of suit when the Secretary of State attempts to forward service of
process to the address of the registered office that is on file with the Secretary of
State. TXXN, Inc. v. D/FW Steel Co., 632 S.W.2d 706, 709 (Tex. App.—Fort Worth
1982, no writ). As was stated in TXXN, 
The method of service adopted by appellee was calculated to give
appellant notice beyond even a reasonable likelihood and would have
had appellant maintained a registered office. The failure of the method
of service in this case was the result of appellant’s own failure to comply
with the statutory requirements which were designed to assure it of
notice of pending suits.

Accordingly, we hold that appellant cannot complain about its lack of notice of suit
when such lack of notice was caused by its own failure to inform the Secretary of
State of a change of address for its registered office. 
          We overrule issue two.
 
 
Conclusion
          We affirm the trial court’s judgment. 
          
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Price.