NO. 07-07-0173-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 14, 2009

______________________________


WESTMONT HOSPITALITY GROUP, INC., APPELLANT

v.

HANK MORRIS, APPELLEE


_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY;

NO. 9415-C; HON. HOWARD S. WARNER, PRESIDING
_______________________________

MEMORANDUM OPINION

_______________________________

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.



          In two issues, appellant Westmont Hospitality Group (Westmont)


 contends the trial
court erred in denying the bill of review it sought after a default judgment in favor of
appellee Hank Morris was entered against it. We agree and reverse the judgment.
Background
          The suit underlying the default judgment arises from an incident that occurred in
1990. At that time, Hank Morris, then a three-year old hotel guest, stuck himself with a
hypodermic needle he found in a room of the Sheraton Town & Country Hotel in Houston,
Texas. This incident gave rise to a lawsuit filed in October 2005 in which it was alleged
that Morris was injured as a result.


 Specifically, Morris alleged there was a concern about
the possibility he was exposed to the HIV virus as a result of the injury. Morris had been
tested on February 7, 1991, February 14, 1991, and again on May 19, 2000. Each test
was negative for the HIV virus. In the suit giving rise to this appeal, Morris alleged his
damages were proximately caused by negligent acts and/or omissions of Westmont.
          On February 14, 2006, Morris filed a motion seeking a default judgment in which he
alleged citation was sent to a constable’s office in Houston. After finding the address to
be incorrect,


 the citation was transferred to another office for service at Westmont’s
corporate office. On December 5, 2005, the constable’s office sent a Rule 106 affidavit to
Morris’ attorney stating that the office was unable to serve the citation. Thereafter, on
December 20, 2005, a new citation was prepared containing the same incorrect address
and served on the Secretary of State. On January 18, 2006, the certificate of service was
completed, and the certificate was filed on January 23, 2006, with the County Court at Law
in Hays County. 
          In Morris’ motion seeking a default judgment, he alleged that the last date for
Westmont to file an answer was February 13, 2006, and by February 14, 2006, it had
neither responded to the suit nor maintained a registered agent and address for service
of process, and had therefore defaulted. On February 21, 2006, the trial court granted
Morris’ motion and entered a default judgment awarding Morris a total of $107,000.
          On October 13, 2006, Westmont sought a temporary restraining order against
enforcement of the default judgment asserting that it had never received service of Morris’
lawsuit. In seeking the order, Westmont asserted that although Morris correctly identified
its registered agent for service, it had incorrectly listed its address which resulted in
Westmont never receiving notice of Morris’ suit. The temporary restraining order was
granted by the trial court.
          Thereafter, on October 18, 2006, Westmont filed its original petition seeking a bill
of review in which it alleged that the default judgment against it obtained by Morris was
wrongfully obtained. At the hearing on Westmont’s request for a temporary injunction and
temporary relief, noting that Westmont had never posted the required bond,


 the trial court
denied both of those requests by Westmont. Subsequently, the trial court denied
Westmont’s bill of review. Hence, this appeal.
 
 
Discussion
          Westmont argues the trial court erred by: 1) using an informal evidentiary hearing
to deny, rather than grant, its bill of review concerning the dispositive issue of the lack of
proper service on Westmont; 2) failing to provide Westmont 45 days notice of trial; 3)
failing to require Morris to meet all requirements for substituted service on the Secretary
of State; 4) failing to follow notice and hearing requirements for ordinary hearings or trials;
5) penalizing Westmont ten percent of the entire amount of the judgment without evidence
that it sought a temporary restraining order only for the purpose of delay or that the
temporary order actually caused damage to Morris; and 6) penalizing Westmont for ten
percent of the entire judgment without notice to Westmont or a hearing and by
subsequently severing that portion from its factual basis without hearing, notice, or
argument.
          In considering the grant or denial of a bill of review, we may not disturb the trial
court’s ruling absent an abuse of discretion. Interaction, Inc. v. State, 17 S.W.3d 775, 778
(Tex. App.–Austin 2000, pet. denied). A trial court abuses its discretion if it has acted in
an unreasonable or arbitrary manner, or without reference to any guiding rules or
principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). In applying
the abuse of discretion standard, reviewing courts defer to the trial court’s factual
determinations, and the reviewing court does not engage in its own factual review, but
rather, it decides whether the record supports the trial court’s resolution of factual matters. 
Garza v. Attorney General of Tex., 166 S.W.3d 799, 808 (Tex. App.–Corpus Christi 2005,
no pet.), citing Goode v. Shoukfeh, 943 S.W.2d 441 (Tex. 1997). If the record supports
the trial court’s evidentiary findings, the reviewing court is not at liberty to disturb them, and
is relegated to determining whether the trial court properly applied the law to the facts in
arriving at its decision. Id. at 808, citing State v. $217,590.00 in U.S. Currency, 18 S.W.3d
631, 633-34 (Tex. 2000).
          A bill of review is an equitable proceeding by which a party to a former action seeks
to set aside a judgment that is no longer appealable or subject to a motion for new trial. 
Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979). To be entitled to a bill of review,
a complainant must prove that he: 1) has a meritorious defense; 2) was prevented from
asserting that defense by the fraud, accident, or wrongful act of his opponent or by official
mistake; and 3) was not guilty of fraud or negligence. Caldwell v. Barnes, 154 S.W.3d 93,
96 (Tex. 2004).
          However, bill of review plaintiffs that claim non-service are relieved of two elements
that otherwise would be required to be proved in such a proceeding. Id. at 96. First, if a
plaintiff was not served, constitutional due process relieves the plaintiff from the necessity
of the need to show a meritorious defense. Id. Second, the plaintiff is relieved from
showing that fraud, accident, wrongful act or official mistake prevented him from presenting
a meritorious defense. Id. at 96-97. Even so, the bill of review plaintiff alleging non-service
must still establish the third and final element required in a bill of review proceeding,
namely, that the judgment was rendered unmixed with any fault or negligence on his part. 
Id. One who was not served with process cannot be at fault or negligent in allowing a
default judgment to be rendered. Id.
          In this case, the trial judge found that the county court issued its default judgment
against Westmont on February 21, 2006, based upon a showing by Morris that the
following occurred: 1) attempted service was made by Deputy Constable I. Jiminez on at
least two separate days at the Registered Office for Service of Process, at 3555 Timmons
Lane, Suite 460, Houston, Texas 77027, and that neither Nasuad Kermali nor Jerry Burrell
were found to be present; 2) attempted service was made by Deputy Constable Debra
Powers at Westmont’s principal office at 5847 San Felipe, #4650, Houston, Texas, on at
least four separate days and she was advised by the receptionist that no one who would
accept service was in; 3) service was made on the Texas Secretary of State on January
18, 2006, for forwarding to Westmont at 3535 Timmons Lane, Suite 460, Houston, Texas
77027. Westmont has not offered evidence to refute those facts.



          In advancing its appeal, and based upon the fact that Morris listed and attempted
to serve it at an incorrect address, Westmont contends that the trial court failed to require
Morris to comply with all the requirements for permissible substituted service of the
Secretary of State. Specifically, Westmont emphasizes that the record reveals the
Secretary of State’s certificate lists the incorrect address for Westmont’s registered agent
and reflects that process was returned on January 18, 2006, with the notation ”Not
Deliverable As Addressed, Unable To Forward.”
          In advancing its argument of lack of citation service, Westmont must show by a
preponderance of the evidence that the judgment was rendered without fault or negligence
on its part. Caldwell v. Barnes, 154 S.W.3d at 96-97. Service of process on corporations
is governed by the Texas Business Corporation Act. That act requires corporations to
maintain a registered agent and registered office and requires that changes in the
registered agent or office be made by filing a statement with the Secretary of State. Tex.
Bus. Corp. Act Ann. art. 2.10 (Vernon Supp. 2008). In instances in which a corporation
has failed to maintain a registered agent in Texas or whenever its registered agent cannot
be found with reasonable diligence at the registered office, the Secretary of State may be
served with process as an agent of the corporation. Id. art. 2.11.
          Here, the record reflects that Morris contacted the Secretary of State to ascertain
the office of Westmont’s registered agent and attempted to serve the agent at the address
provided by the Secretary of State. Although this may have been in compliance with a
literal interpretation of article 2.11 of the Texas Business Corporation Act,


 process was not
actually completed because 3535 Timmons Lane was an incorrect address. Morris then
attempted a new citation on the Secretary of State using the same incorrect address
previously used for service.
          The general presumptions of due service of citation in support of a default judgment
will not be indulged, and the record must show strict compliance with the provided manner
and mode of service of process. TXXN, Inc. v. D/FW Steel Co., 632 S.W.2d 706, 707
(Tex. App.–Fort Worth 1982, no writ), citing Whitney v. L & L Realty Corp., 500 S.W.2d 94
(Tex. 1973). However, in determining whether there has been strict compliance with article
2.11, the reviewing court looks to the face of the record and, if the record shows that the
defendant was served in the required manner, and the record shows pleadings which, if
true, would require the defendant to answer, the court may uphold the default. Id. In
TXXN, the court found the pleadings in question were sufficient to require an answer, that
a constable had been unable to serve citation at the corporation’s last known mailing
address, and that another, and subsequent citation, was properly served upon the
Secretary of State as agent for service of process. A certificate of the Secretary of State
showed that a copy of the citation was forwarded by registered mail to the address of the
appellant’s registered office but that it was returned marked “Not Deliverable As
Addressed, Unable To Forward.” Id. The reviewing court found the plaintiff’s pleadings
were sufficient to require an answer and that the citations of service and the certification
by the Secretary of State were sufficient to show that the appellant had been properly
served in compliance with article 2.11. Id. at 708. The court also noted that the manner
of service in that case was the result of the appellant’s failure to comply with the statutory
requirements that were designed to assure it of proper notice of pending suits and not
because of fault on the part of the appellee. Id. 
          However, in this case, the record reveals that Westmont had provided the Secretary
of State with the correct name and address of its registered agent. The address listed with
the Secretary of State was 3555 Timmons Lane, Suite 460, Houston, Texas. However,
each citation in the record reflects an incorrect address as 3535 Timmons Lane. Thus, the
record shows that the incorrect address utilized was not the fault of Westmont but that it
was Morris that utilized the incorrect address in each citation, even after being informed
that no building existed at 3535 Timmons and that 3555 Timmons was the correct address
for Westmont’s registered agent.
          That being true, no proper service was made upon Westmont, and we are obligated
to hold that the trial court abused its discretion in denying Westmont’s petition for bill of
review. This holding obviates the necessity for discussion of Westmont’s remaining
contentions. Tex. R. App. P. 47.1. The judgment of the trial court is reversed and the
cause remanded to the trial court.
 
John T. Boyd
Senior Justice