VANGUARD INVESTMENTS, A California Limited Partnership, Appellant,

v.

FIREPLACEMAN, INC., Appellee.

No. B14–82–044CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 16, 1982.

**656**

Jack H. Emmott, III, Houston, for appellant.

Michael L. O'Brien, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a default judgment.

Appellant is a California Limited Partnership engaged in the construction business in Texas. On April 28, 1981, appellee brought suit for breach of a construction contract in which appellant agreed to pay appellee $34,077.92 for labor and materials furnished in remodeling and constructing office suites in Houston, Harris County, Texas. Appellant neither answered nor participated in any proceedings. A default judgment was granted on September 23, 1981.

Appellant raises three points of error. First, he contends that because the record does not contain a properly executed citation as required by law, the trial court lacked in personam jurisdiction and could not render a default judgment. It is well settled in Texas that the Secretary of State may be served as the registered agent for a partnership. Tex.Rev.Civ.Stat.Ann. art. 2031b, § 5 (Vernon 1964). Proof of service under this "long-arm" statute can be satisfied by a certificate from the Secretary of State. *Whitney v. L. & L. Realty Corporation,* 500 S.W.2d 94 (Tex.1973). Such has been done here. By instrument dated May 20, 1981, the Secretary of State certified that two copies of the citation and the petition were served upon the Secretary of State and forwarded by certified mail, return receipt requested, to VanGuard Investments. This was sufficient to confer in personam jurisdiction on the trial court. Appellant's first point of error is, therefore, overruled.

By his second and third points of error, appellant contends that there are errors in the judgment itself. These have been corrected by the nunc pro tunc judgment of the trial court of April 5, 1982 and were waived by appellant in his oral argument.

Judgment of the trial court is affirmed.