**G.F.S. VENTURES, INC., d/b/a Moore Cable Construction, Appellant,**

v.

**Michael HARRIS and Cynthia R. Harris, Appellees.**

No. 01–96–00536–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 31, 1996.

Marvin C. Moos, Robert Plessala, Houston, for appellant.

James T. Busenlener, Houston, for appellees.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

TAFT, Justice.

This is an appeal by writ of error from a default judgment. We address whether the face of the record shows that service of process was defective due to lack of reasonable diligence, lack of return of service for an alias citation, or because the record does not affirmatively show the mode and manner of service upon the Secretary of State. We affirm.

### Facts

Michael Harris and Cynthia Harris, appellees, sued Mr. Harris' employer, G.F.S. Ventures, Inc., individually and d/b/a Moore Cable Construction, on March 1, 1995. The Harrises alleged that Mr. Harris' supervisor, also employed by Moore Cable, ordered Harris to perform his work in an inherently unsafe manner without any reasonable safeguards. The supervisor allegedly required Mr. Harris to install wire near a rooftop while standing on an extension ladder that was leaning against the side of an apartment building. Initially, the supervisor assigned a co-worker to assist Mr. Harris and stabilize the ladder. Later, the supervisor ordered the co-worker to perform tasks on another part of the project, leaving Mr. Harris to complete his job without anyone to stabilize the ladder. The ladder's base slid away from the wall it was leaning against, causing Mr. Harris to fall to the ground and severely fracture his left leg. The Harrises alleged that Moore Cable's negligence caused Mr. Harris to suffer serious bodily injury. Moore Cable did not have workers' compensation insurance.

At all relevant times, the registered agent and address maintained by G.F.S. with the Secretary of State of Texas was Michael E. Moore, 22822 Earlmist, Spring, Texas 77373. It is undisputed that Michael E. Moore moved from this address before June 1, 1994, and that Moore Cable did not notify the Secretary of State of a change of address for its registered agent.

### Writ of Error

■ To be entitled to reversal by writ of error, a party who did not participate at trial has six months to show error on the face of the record. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994) (per curiam).

Moore Cable did not participate at trial and timely filed its petition for writ of error.

## Standard of Review

■ Strict compliance with the rules for service of process must affirmatively appear on the face of the record in order for a default judgment to withstand direct attack. *Primate Constr.*, 884 S.W.2d at 152. There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment. *Id.*

## Service of Process on Corporation

Service of process on corporations is governed by the Texas Business Corporation Act. The Act places a duty upon corporations to maintain a registered agent and office, and to notify the Secretary of State of any change to either. *See* TEX. BUS. CORP. ACT ANN. arts. 2.10, 2.10–1 (Vernon 1980 & Supp.1996); *RWL Constr., Inc. v. Erickson*, 877 S.W.2d 449, 451 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Tankard–Smith, Inc. v. Thursby*, 663 S.W.2d 473, 475 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). The Act provides that the Secretary of State becomes the agent for service of process of a corporation whenever a corporation fails to maintain a registered agent in Texas, or whenever its registered agent cannot be found with reasonable diligence at the registered office. *See* TEX. BUS. CORP. ACT ANN. art. 2.11(B) (Vernon 1980).

## Unexecuted Citation

■ In Moore Cable's first point of error, it contends that the *unexecuted citation* returned by Deputy Constable Ann Crisp does not show reasonable diligence was exercised to serve their registered agent, as required by TEX. BUS. CORP. ACT ANN. art. 2.11 (Vernon 1980). The *record as a whole*, not only the unexecuted citation, may be considered to determine whether the reasonable diligence requirement is satisfied. *See RWL Constr.*, 877 S.W.2d at 451; *General Office Outfitters, Inc. v. Holt*, 670 S.W.2d 748, 749 (Tex.App.—Dallas 1984, no writ).

The Harrises' original petition alleged:

Defendant, G.F.S. VENTURES INC. is a Texas corporation doing business as MOORE CABLE CONSTRUCTION and which may be served with process by serving said citation by and through its registered agent, Mr. Michael E. Moore, 22822 Earlmist, Spring Texas 77373.

The original citation, filed June 1, 1995, contains the following:

TO ANY SHERIFF OR CONSTABLE OF TEXAS Or Other Authorized Person TO: G.F.S. VENTURES INC (DBA MOORE CABLE CONSTRUCTION) (TEXAS CORPORATION) BY SERVING ITS REGISTERED AGENT MICHAEL E MOORE 22822 EARLMIST SPRING TX 77373

On March 14, 1995, Deputy Constable Ann Crisp attempted to serve Michael E. Moore at the above address. She returned the original citation unexecuted with the notation on the front of the citation "Return to Attorney—Bad Address." She also wrote on the back of the citation: "3–14 400p– Goodson res never heard of him June 1–94 still gets mail for Moores & Neimans...."

■ The officer's recitations in a return of service are given great weight as proof of service. *Primate Constr.*, 884 S.W.2d at 152. The return of service is prima facie evidence of the facts recited therein. *See id.* The return states the date service was attempted, upon whom it was attempted and the cause of failure to execute the citation. *See* TEX.R. CIV. P. 107. The return is clear that the address on the citation was not the address of Moore Cable's registered agent, Michael Moore, but the Goodson residence, and that they never heard of him. Reasonable diligence in attempting to ascertain the whereabouts of the defendant is established from the statement that the resident "never heard of him" but "still gets mail for the Moores and Neimans." Because the residents never heard of Michael Moore, it would be futile to attempt to acquire information about his whereabouts from the Goodson residence.

The deputy's affidavit, in the record, also demonstrates that she used reasonable diligence in attempting to serve Moore Cable. Deputy Crisp's June 8, 1995, affidavit filed

with the Harrises' Motion for Partial Default Judgment states in relevant part:

On March 14, 1995, I attempted to serve Plaintiff's Original Petition and Citation as set forth above; however, the person who answered the door at 22822 Earlmist, Spring, Texas 77373, told me that address was the Goodson residence; that it had been the Goodson residence since June 1, 1994, and that the Goodsons still received occasional mail directed to Michael Moore. Accordingly, despite the exercise of diligence, I have been unable to serve Michael Moore as the registered agent for GFS Ventures, Inc., at the Earlmist address, and I believe that, under these circumstances set forth herein, any further attempts would be futile.

■ Moore Cable asserts that the only evidence of reasonable diligence on the face of the record is the notation on the citation stating: "Return to Attorney—Bad Address." The record does not support that contention. Based on the notations on the front and back of the return and the deputy's affidavit, we hold the record shows reasonable diligence. We overrule appellant's first point of error.

### Service of Process on Secretary of State

In Moore Cable's second point of error, it contends the alias citation was not in correct form. It claims the alias citation does not show that the Secretary of State is the registered agent, but rather is identical to the unexecuted citation that Deputy Crisp attempted to serve.

The record shows that on April 11, 1995, the Harrises filed Plaintiff's First Amended Original Petition, alleging:

Defendant, GFS VENTURES, INC., d/b/a MOORE CABLE CONSTRUCTION, is a Texas corporation whose official registered agent is Michael E. Moore at the official registered address of 22822 Earlmist, Spring, Texas 77373. Despite reasonable diligence, the registered agent cannot be found at the registered office (because Defendant has abandoned the registered address and failed to notify the Secretary of State of any new registered address). Accordingly, the Secretary of State is Defen-

dant's agent for service of process in this case. Service of Citation and Petition in this case may be effected upon the Secretary of State of Texas by delivering to and leaving with him, or with the Assistant Secretary of State, or with any clerk having charge of the Corporation Department of his office, duplicate copies of Citation and this Petition. Thereafter, the Secretary of State shall immediately cause one of the copies of such Petition and Citation to be forwarded by registered mail addressed to the corporation at its registered office as follows:

GFS VENTURES, INC. d/b/a MOORE CABLE CONSTRUCTION

MICHAEL E. MOORE (REGISTERED AGENT)

22822 EARLMIST SPRING TEXAS 77373

On April 11, 1995, the Harrises also filed a "Civil Process Request." The form provided for service to be issued on GFS VENTURES, INC., d/b/a MOORE CABLE CONSTRUCTION. On the line requesting the name of the agent is written "Sec. of State $ Mr. Michael E. Moore." A letter to the Harris County District Clerk requesting filing of the Harrises' First Amended Petition also requested that the clerk prepare an alias citation on GFS Ventures, Inc., d/b/a Moore Cable Construction for service upon the Secretary of State.

■ Based upon Plaintiff's First Amended Original Petition, the Civil Process Request, the letter to the district clerk, and the Secretary of State's certificate, we disagree with Moore Cable's contention that the requested citation did not show the Secretary of State as the agent for service of process. The absence of the return of service for the alias citation in the record is not fatal because the Secretary of State's certificate provides conclusive evidence that citation was served in compliance with TEX. BUS. CORP. ACT ANN. art. 2.11, as we will discuss in response to appellant's third point of error. We overrule appellant's second point of error.

## Mode and Manner of Service

In Moore Cable's third point of error, it contends the record does not show the mode or manner of service upon the Secretary of State. Moore Cable argues that since there is no return of citation, letter requesting service by certified mail return receipt requested, or green card copy showing receipt by the Secretary of State, there is no way to determine how the Secretary of State received or was served with Moore Cable's First Amended Original Petition.

### A. Absence of Citation

Moore Cable contends the Secretary of State's certificate stating it was served with citation and petition on April 24, 1995, is insufficient to show a valid issuance of citation upon the Secretary of State. Moore Cable relies on *Hanover Modular Homes of Taft Inc. v. Corpus Christi Bank & Trust*, 476 S.W.2d 97, 100 (Tex.Civ.App.—Corpus Christi 1972, no writ). *Hanover* is inapplicable to this case.[1]

■ Moore Cable underestimates the value of a certificate from the Secretary of State. Certificates issued by the Secretary of State are received in all courts as prima facie evidence of ·the facts recited therein. *See* TEX. BUS. CORP. ACT ANN. art. 9.05 (Vernon 1980). The Texas Supreme Court has addressed a similar issue. In *Capitol Brick*, a foreign corporate defendant complained that the trial court lacked jurisdiction over it because service was not personally served on the Secretary of State. *Capitol Brick Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986). The Texas Supreme Court held that proof of service under the long arm statute can be satisfied by a certificate from the Secretary of the State. *Id.* Absent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of a foreign corporation without a registered agent or whose registered agent cannot be found with reasonable diligence, received service of process for the foreign corporation and forwarded the service as required by the statute. *See id.*

■ The Texas statute for service of process on a foreign corporation, TEX. BUS. CORP. ACT ANN. art. 8.10(B) (Vernon 1980), is identical to TEX. BUS. CORP. ACT ANN. art. 2.11(B), and we see no reason to interpret it differently. The same "strict compliance" standard of service is in effect for both statutes. *See Capitol Brick*, 722 S.W.2d at 401. Therefore, we hold that the certificate of the Secretary of State is conclusive evidence that the Secretary of State received service of process for Moore Cable and forwarded the service as required by TEX. BUS. CORP. ACT ANN. art. 2.11(B). *See Capitol Brick*, 722 S.W.2d at 401; *Vanguard Investments v. Fireplaceman, Inc.*, 641 S.W.2d 655, 656 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

■ The Secretary of State's certificate in the record shows that "two copies of the citation and petition" in this cause "were served upon the Secretary of State on April 24, 1995" and were "forwarded on April 26, 1995, by certified mail, return receipt requested" to the corporation at its registered address, 22822 Earlmist, Spring, Texas 77373, to the attention of its registered agent, Michael Moore. This is proof on the face of the record that appellant was served in the manner required by TEX. BUS. CORP. ACT ANN. art. 2.11. *See Tankard–Smith*, 663 S.W.2d at 475–76. We hold the face of the record sufficiently shows strict compliance with the statutory method of service of process as authorized by TEX. BUS. CORP. ACT ANN. art. 2.11. *See id.* at 476.

### B. Personal Jurisdiction

Moore Cable also argues that a court does not have in personam jurisdiction over a

---

1. *Hanover* is distinguishable on its facts. The court specifically states, "There is no allegation that appellant failed to appoint or maintain a registered agent in this state, [or] that its registered agent cannot with reasonable diligence be found at its registered office...." *Hanover*, 476 S.W.2d at 100. Therefore, *Hanover* does not support Moore Cable's argument.

The Harrises assert the *Hanover* decision is outdated because it predates the passage of TEX. CIV. PRAC. & REM.CODE ANN. § 17.026(a) (Vernon Supp.1996) (establishing the procedure for service of process on the Secretary of State). In any event, *Hanover* is only persuasive authority.

corporate defendant if the corporation is served by certified mail and the record contains no affirmative showing that the person who signed the receipt card was the registered agent for the corporation.

The cases cited by Moore Cable in support of this contention do not involve service on the Secretary of State under TEX. BUS. CORP. ACT ANN. art. 2.11, but instead involve service upon corporate employees or registered agents when there was no failure to maintain a registered agent or office. *See Bronze & Beautiful, Inc. v. Mahone,* 750 S.W.2d 28, 29 (Tex.App.—Texarkana 1988, no writ); *Travis Builders, Inc. v. Graves,* 583 S.W.2d 865, 867 (Tex.Civ.App.—Tyler 1979, no writ). Therefore, these cases are not instructive in this appeal.

█ The trial court properly acquired personal jurisdiction over Moore Cable. The Secretary of State's certificate is conclusive evidence, as discussed above. *See also, Whitney v. L. & L. Realty Corp.,* 500 S.W.2d 94, 96 (Tex.1973) (Secretary of State's certificate is conclusive evidence process was forwarded to corporate defendant and establishes personal jurisdiction). The Secretary of State's certificate, which was sufficient proof of service, was on file more than 10 days before the default judgment was granted as required by TEX.R. CIV. P. 107. We overrule appellant's third point of error.

## Conclusion

We affirm the default judgment.