CAMPUS INVESTMENTS,
INC., Appellant,

v.

Anthony Sean CULLEVER and Kevin
Michael Els, Appellees.

No. 01–02–00517–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 17, 2003.

George W. Vie, III, Mills Shirley,
L.L.P., Galveston, Robin M. Ziek, Houston, for Appellant.

Bradford N. Oesch, Bradford N. Oesch,
P.C., Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices NUCHIA and PRICE.*

## MEMORANDUM OPINION

SHERRY RADACK, Chief Justice.

The Court today heard the appellant's motion for rehearing, and the same has been duly considered and found without merit. It is therefore ordered that said motion be denied. However, we withdraw our opinion of May 15, 2003 and issue this opinion in its stead.

This is an appeal from the denial of a bill of review. Anthony Sean Cullever and Kevin Michael Els, appellees, sued Campus Investments Inc., appellant, and officer and shareholder of appellant, Michael Collins, for injuries suffered when they were robbed at gunpoint while working at appellant's store. Appellant did not answer the lawsuit and appellees obtained a default judgment against it. Appellant filed a bill of review and a motion for summary judgment on the issue of whether appellant was properly served with process, both of which were denied by the trial court.

In two issues, appellant argues that the default judgment against it was void because (1) the citation and proof of service were not on file for 10 days, and (2) the record does not disclose that the citation and petition were forwarded to appellant's registered office.

We affirm.

## Facts

On July 6, 1997, at All Star News and Video, a store owned by appellant, two intruders committed robbery at gunpoint. Appellees, who were working at the store, were beaten during the robbery, and appellee Els was shot in the lower leg by a robber using a .45 caliber handgun.

Appellees sued appellant, as well as Collins, on July 1, 1999, to recover damages for the injuries they suffered during the robbery. The record shows, in the affidavit of Deputy Constable J.D. Inman, that Constable Inman attempted to serve appellant on four separate occasions at its usual place of business, but was unsuccessful. Appellees then served the Secretary of State with process, as the agent of appellant, pursuant to article 2.11 of the Business Corporation Act. TEX. BUS. CORP. ACT ANN. art. 2.11 (Vernon 1980 & Supp. 2003). The Secretary of State's office returned a certificate stating that the citation and appellees' second amended original petition were received on March 30, 2000, and that a copy of the citation and the second amended petition were forwarded to appellant at 4920 Center, Houston, Texas, 77007. The certificate went on to state that the copies were returned to the office of the Secretary of State bearing the notation "attempted—not known."

The certificate from the Secretary of State was filed on May 4, 2000. No return of citation was ever filed. Appellant and Collins failed to respond to appellees' petition, and the trial court entered a default judgment against them on June 9, 2000. The judgment for appellees, Cullever and Els, was for $321,052.00 and $303,135.00, respectively. Subsequent to the entry of the default judgment, appellees nonsuited Collins. Appellant filed a bill of review and motion for summary judgment, arguing that the default judgment was void because no return of citation was on file with the court. Appellant's bill of review and motion for summary judgment were denied.

---

* The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## Standard of Review

In reviewing the denial of a bill of review, every presumption is indulged in favor of the trial court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of discretion. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex.App.-Houston [14th Dist.] 2002, no pet.). To succeed in a bill of review, the petitioner must normally allege and prove three elements: (1) a meritorious defense to the cause of action supporting the earlier judgment; (2) which could not be asserted because of the fraud, accident, or wrongful act of the opposing party, or official mistake; and (3) no negligence on the part of the petitioner. *West Columbia Nat'l Bank v. Griffith*, 902 S.W.2d 201, 205 (Tex.App.-Houston [1st Dist.] 1995, writ denied). When a petitioner for a bill of review claims the judgment is void for lack of proper service, and thus violates due process of law, the petitioner need not prove a meritorious defense, nor show fraud, accident, or mistake by the opposing party. *Min v. Avila*, 991 S.W.2d 495, 500 (Tex.App.-Houston [1st Dist.] 1999, no pet.). When lack of proper service is claimed, the petitioner need only show (1) lack of proper service, and (2) his own diligence in setting the default judgment aside. *Id.*

## Requirement for Return of Citation

■ In its first issue, appellant argues that, because the return of citation from the Secretary of State was never filed with the trial court, the default judgment is void.

■ The Texas Rules of Civil Procedure provide the following with regard to default judgments:

No default judgment shall be granted in any cause until the citation ... shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

TEX.R. CIV. P. 107. A default judgment will not withstand direct attack unless strict compliance with the rules for service of citation affirmatively appears on the record. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994).

Service of process on corporations is governed by the Texas Business Corporation Act. *See* TEX. BUS. CORP. ACT ANN. art. 2.11 (Vernon 1980 & Supp.2003). The act requires corporations to maintain a registered agent and registered office, and changes in the registered agent or office can be made by filing a statement with the Secretary of State. TEX. BUS. CORP. ACT ANN. art. 2.10 (Vernon 1980 & Supp.2003). When a corporation fails to maintain a registered agent in Texas, or whenever its registered agent cannot be found with reasonable diligence at the registered office, the Secretary of State, as an agent for the corporation, may be served with process. TEX. BUS. CORP. ACT ANN. art. 2.11 (Vernon 1980 & Supp.2003).

■ The Texas Supreme Court has held that proof of service under the long arm statute can be satisfied by a certificate from the Secretary of State. *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex.1986). Absent fraud or mistake, a certificate from the Secretary of State is "conclusive evidence" that the Secretary of State received service of process. *Id.*

This Court has also addressed the importance of certificates from the Secretary of State. In *G.F.S. Ventures v. Harris*, a case in which the Secretary of State was served with process pursuant to article 2.11, the appellant attacked the validity of the default judgment against it by arguing that there was no return of citation in the record to show that the Secretary of State was served, and that the Secretary of

State's certificate stating that it was served with citation was insufficient to show a valid issuance of citation against the Secretary of State. 934 S.W.2d 813, 818 (Tex.App.-Houston [1st Dist.] 1996, no writ). This Court held that the appellant had underestimated the value of a certificate from the Secretary of State, and that the certificate, which reflected that the Secretary of State was served with process and had forwarded the service to appellant, was conclusive evidence that the Secretary of State received and forwarded process pursuant to article 2.11, which governs service of process against corporations. *Id.* This Court went on to state that "the face of the record sufficiently shows strict compliance with the statutory method of service of process as authorized by [article 2.11]." *Id.* With regard to rule 107, this Court held that "[t]he Secretary of State's certificate, which was sufficient proof of service, was on file more than 10 days before the default judgment was granted, as required by [rule] 107." *Id.* at 819.

In this case, as in *G.F.S.*, there is a certificate in the record from the Secretary of State, which verifies that it was served with process and that the process was forwarded to appellant. There is no dispute that a certificate from the Secretary of State, conclusively proving that the Secretary of State was served with process, was on file with the court for more than 10 days before the default judgment was rendered. The certificate proves that appellant was validly served with issuance of citation, and, because the certificate was in the record for more than 10 days, we hold that the lack of a return of citation in this case is not fatal to the default judgment against appellant. *See id.* at 819.

We overrule issue one.

1. On March 17, 2000, the date that appellees

## Receipt of Service of Process by the Secretary of State

■ In its second issue, appellant argues that the default judgment against it is void because the citation and appellees' second amended petition were not forwarded to it by the Secretary of State. Appellant contends that appellees' second amended petition failed to state a registered office or address of appellant to which the citation should have been forwarded, and that the record demonstrates only that the Secretary of State forwarded the citation and petition to the wrong address.

With regard to service on the Secretary of State, article 2.11 provides the following:

Service on the Secretary of State of any process, notice, or demand shall be made by delivering to and leaving with him ... duplicate copies of such process, notice, or demand. In the event any such process, notice, or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the corporation at its registered office.

TEX. BUS. CORP. ACT ANN. art. 2.11 (Vernon 1980 & Supp.2003).

The record reflects that the Secretary of State forwarded the copy of the citation and appellees' second amended petition to 4920 Center, Houston, Texas, 77007. Appellees' second amended petition identified the address of appellant's registered office in a statement regarding appellees' attempts to serve appellant at its registered office. The petition states that "[appellant's] registered agent, Gerald Hopkins, could not be found at the registered office located at 4920 Center, Houston, Harris County, Texas, 77007...."[1] Accordingly,

filed their second amended petition in the

because the record reflects that appellees identified the address of appellant's registered office, and because appellant does not argue that the registered office address that used by the Secretary of State to forward service to was different than the registered office address that appellant had on file with the Secretary of State, we hold that the service in this case was not defective. *See Labor Force, Inc. v. Hunter, Farris & Co., Inc.*, 601 S.W.2d 146, 146 (Tex.Civ.App.-Houston [14th Dist.] 1980, no writ) (holding that, in situation where Secretary of State's attempt to forward process was unsuccessful, and where appellant was not arguing that the address used was incorrect, service was not defective when appellant's registered office address was identified in the record, and the Secretary of State used the identified address to forward service).[2]

We overrule issue two.

## Conclusion

We affirm the trial court's judgment.

---

trial court, appellees also filed a copy of a letter with the trial court that purported to be a copy of the letter forwarding citation and petition to the Secretary of State, in which the registered office address of appellant was listed as 4920 Center, Houston, Harris County, Texas, 77007. The letter directed the Secretary of State to "cause service of process to [sic] issued upon CAMPUS INVESTMENTS, INC., in your usual manner."

2. Appellant has the responsibility of notifying the Secretary of State when it changes the address of its registered office. Tex. Bus. Corp. Act Ann. art. 2.10–1 (Vernon 1980 & Supp. 2003). If it fails to do so, it cannot later complain that it did not have notice of suit when the Secretary of State attempts to forward service of process to the address of the registered office that is on file with the Secretary of State. *TXXN, Inc. v. D/FW Steel Co.*, 632 S.W.2d 706, 709 (Tex.App.-Fort Worth 1982, no writ).