# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00412-CV

**Katin Corp., Appellant**

**v.**

**Bea Loesch, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. GN-400773, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Bea Loesch sued Katin Corp. for negligence in a premises liability claim. Katin did not answer, and a default judgment was entered awarding Loesch $100,000 in damages. Katin filed a motion for new trial, which the trial court denied. Katin appeals, contending that the court abused its discretion in denying Katin's motion for new trial. We affirm the default judgment.

## FACTS

Loesch brought a premises liability claim against Katin for personal injuries arising from her employment at a restaurant allegedly owned by Katin. She claimed that, while in the course and scope of her employment, she injured her knee, requiring knee surgery. She also claimed that, other than her initial appointment, Katin did not pay for her medical treatment and terminated her employment because she could no longer work as a waitress. Loesch alleged that the wrongful acts and omissions of Katin and its agents caused her to suffer lost wages, impaired earning capacity, and

past and future physical pain and suffering, mental anguish, reasonable and necessary medical expenses, physical impairment, and physical disfigurement. She sought actual damages, interest, costs of court, and mental anguish damages.

Loesch attempted to serve citation on Katin's registered agent, Martin P. Adler, three times in three different ways. First, on March 23, 2004, Loesch attempted service by certified mail; on April 17, 2004, this certified mail was returned and marked "REFUSED," and the process server stated in his sworn affidavit that he believed Katin was attempting to evade service. Next, on April 23, 2004, Loesch attempted to effect personal service, using a different process server. In his affidavit, the second process server stated that he left a business card after being told Adler was not in. When Adler failed to respond, the process server attempted service again on May 21, 2004, when he was told that Adler was in but "would not come out to accept the process that [he] was trying to deliver." He averred that he believed Adler was avoiding service of process.

Finally, on September 15, Loesch served Katin through the Texas Secretary of State pursuant to article 2.11 of the Texas Business Corporation Act. *See* Tex. Bus. Corp. Act Ann. art. 2.11, § B (West Supp. 2006). Under article 2.11, if a corporation's registered agent cannot be found with reasonable diligence, then an individual attempting service on the corporation may serve citation with the Secretary of State. *Id.* Upon receipt of service, the Secretary of State forwards a copy of the citation by registered mail, addressed to the corporation at its registered office, to be returned within thirty days. *Id.* To show that a court may properly exercise jurisdiction over a defendant who has been served through the Secretary of State, plaintiff may produce a certificate issued by the Secretary stating that copies of the citation and petition were forwarded to the

defendant. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973). In accordance with his statutory duty, the Secretary of State issued a certificate stating that a copy of the citation and petition were forwarded to Adler on September 20, 2004. The certificate states that on September 28, 2004, the process was returned to the Secretary of State "bearing the notation Refused."

After Katin failed to answer, a default judgment was entered against it. Twenty-eight days later, Katin filed a motion for new trial asserting that its failure to answer was the result of accident and mistake, attaching Adler's affidavit, which disavowed knowledge of refusal of service:

> It is not my custom, practice, or intent to avoid service of process on behalf of the corporations for which I am the registered agent. It was not my intention to avoid service of process in the above entitled and numbered cause. . . .
>
> I did not receive [the second process server's] business card. . . . Had I received [his] business card I would have contacted him as I have done on many occasions in the past to arrange to receive the citation.
>
> While I have no personnel [sic] knowledge as to who may have made [the statement that I would not accept service], I can state without reservation that I did not direct or authorize anyone to tell [the process server] that I would not come out to accept service of process. I was not told on May 21, 2004 that [the process server] was at my office attempting service of process. But, it is possible that I was either in a meeting or on the telephone and had instructed by staff not to disturb or interrupt me.
>
> My office . . . is located in a building which I share with an IHOP franchisee restaurant. In the past, we have had problems with certified mail being accepted and signed for by restaurant employees and then misplaced or mishandled and not being passed on to the proper recipient. As a result, it has become necessary to instruct the restaurant cashiers and wait staff not to accept certified mail on behalf of Katin Corp. When we receive notice that there is certified mail for Katin Corp. or the other corporations for which I am the registered agent, I go to our Post Office to sign for and retrieve our certified mail. I did not consciously disregard or intentionally refuse receipt of certified mail from a process server of the Texas Secretary of State. If I had received notice that there was certified mail for Katin Corp. at the time service was being attempted by certified mail in this case, I would have sent someone to retrieve the mail from the Post Office. . . .

3

The trial court denied Katin's motion for new trial, and Katin filed its notice of appeal.

## DISCUSSION

On appeal, Katin argues that the trial court erred in denying its motion for new trial and that the default judgment order should be reversed. In support of this assertion, it cites to *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). Under *Craddock*, an appellate court must set aside a default judgment when the defaulting party: (1) establishes that the failure to answer was not intentional or as a result of conscious indifference, but was due to a mistake or accident; (2) sets out a meritorious defense to the plaintiff's claims; and (3) demonstrates that setting aside the default would not cause delay or otherwise injure the plaintiff. *Id*. at 126.

Specifically, Katin asserts that any refusal of service was inadvertent and not intentional or the result of conscious indifference. In addition, Katin asserts that it had no actual knowledge of the litigation before the entry of the default judgment, and, therefore, its failure to answer was not intentional nor the result of conscious indifference.[1] *See id.* at 126. Katin further claims that it has a meritorious defense because it neither employed Loesch nor owned or controlled the premises where she was injured. *See id.* Finally, Katin asserts that, because it offered to reimburse Loesch's costs of obtaining a default judgment, she would suffer no delay or prejudice by

---

[1] Katin does not argue that the citation was defective in any way, and the record demonstrates that Loesch strictly complied with the statutes governing service of process. *See* Tex. R. Civ. P. 16 (requiring processor to endorse citation, describe manner of service, and give time and place served), 99 (requirements of citation), 105 (person receiving process required to endorse and give time of receipt), 106(a)(2) (allowing service by registered or certified mail), 107 (governing return of service); *G.F.S. Ventures*, *Inc. v. Harris*, 934 S.W.2d 813, 816 (Tex. App.—Houston [1st Dist.] 1996, no writ) (strict compliance with rules must appear on face of record).

4

the court's granting the motion for new trial. *See id.* Accordingly, Katin asserts that it has satisfied the elements of the *Craddock* test and is entitled to a new trial.

We review a trial court's decision regarding a motion for new trial for an abuse of discretion. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). The test for an abuse of discretion is not whether we believe the facts present an appropriate case for the trial court's decision, but rather whether the trial court's ruling was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). However, trial courts do not have "unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle." *Craddock*, 133 S.W.2d at 126.

The supreme court recently held that a default judgment against a party that never receives citation is treated differently than a judgment entered against a party that receives citation but fails to appear. *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006). If the party never receives citation, the default judgment must generally be set aside unless the nonreceipt is uncorroborated or was the party's own fault. *Id.* When the party does not appear after receiving citation, the default judgment should be set aside only if the defendant satisfies the three *Craddock* elements. *Id.* at 574.

Katin denies that the citation and petition were ever received and argues that it never had actual knowledge of the lawsuit until after the default judgment was entered. After two unsuccessful attempts to serve citation, Loesch served Katin with citation pursuant to the Business Corporation Act. *See* Tex. Bus. Corp. Act Ann. art. 2.11. Under the Act, if a corporation's registered agent cannot "with reasonable diligence be found at the registered office, then the

5

Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served." *Id*. art. 2.11, § B. Once process is served on the Secretary of State, he is statutorily required to immediately forward the documents by registered mail to the corporation at its registered office. *Id*. "When substituted service on a statutory agent is allowed, the designee is not an agent for serving but for *receiving process on the defendant's behalf*." *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (emphasis added). A certificate from the Secretary of State "*conclusively* establishes that process was served," that there has been proper citation and service. *Id*. Katin does not attack the Secretary's certificate or argue that the Secretary failed in any of his statutory duties regarding the handling of Loesch's petition upon receipt, *see* Tex. Bus. Corp. Act Ann. art. 2.11, §§ B, C, nor does Katin argue that Loesch failed to use reasonable diligence before turning to substituted service through the Secretary of State. *See Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34-35 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

Katin was served with citation. *See* Tex. Bus. Corp. Act Ann. art. 2.11, § B; *Campus Invs.*, 144 S.W.3d at 466, *BLS Limousine Serv., Inc. v. Buslease, Inc.*, 680 S.W.2d 543, 546 (Tex. App.—Dallas 1984, writ n.r.e.) ("[a]lthough the citations were returned to the Secretary bearing the notation 'refused,' appellants were served in accordance with the requirements" of article 2.11's predecessor). Therefore, the default judgment will stand unless Katin can satisfy the *Craddock* requirements. *See Craddock*, 133 S.W.2d at 126; *see also Fidelity & Guar. Ins.*, 186 S.W.3d at 574-75 (applying *Craddock* where registered agent received citation but failed to forward it to party).

Katin asserts that it did not own the restaurant at which Loesch worked, thereby describing a meritorious defense, and it has offered to pay Loesch's expenses, thus setting aside the

6

judgment arguably would not harm Loesch other than delaying her possible recovery. *See Craddock*, 133 S.W.2d at 126. Thus, the only question is whether Katin showed that its failure to answer was not intentional or the result of conscious indifference, but rather due to mistake or accident. *See id*.

Katin presented Adler's affidavit as its evidence of accident or mistake. In his affidavit, Adler states that Katin had in the past had trouble receiving mail due to confusion at the nearby restaurant, going so far as to instruct employees "not to accept certified mail" for Katin. Despite that history, Katin continued to use that office for its registered agent, who has a statutory duty to accept service of process, and Adler does not describe a reliable process that was put into place to ensure that he would receive notice of delivery attempts. He avers that he had no knowledge of any refusal, but admits that he *might* have told his staff not to disturb him, and he does not aver that he investigated and learned that no one in his office refused any mail or said that he "would not come out to accept the process." In other words, beyond stating that he did not personally tell anyone to refuse service and that he did not know of the attempts to serve Katin, Adler does not explain why certified mail addressed to Katin and containing the citation was twice returned as "Refused" or why one process server was told that Adler would not accept service.

Taking as true every fact set out in Adler's affidavit, Katin still has not negated intent or conscious indifference. *See Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). A registered agent is required to "accept service of process and otherwise perform the functions of a registered agent" during normal business hours. Tex. Bus. Corp. Act Ann. art. 2.09(2) (West Supp. 2005). Despite Adler's disavowal of any knowledge of refusal, the Secretary of State's certificate and an affidavit by one of the first two process servers state that certified mail to Katin was returned

7

"refused," and the other process server averred that Adler seemed to be "avoiding" service. An officer's recitations in a return of service are given great weight as proof of service and "carry so much weight that they cannot be rebutted by the uncorroborated proof" of the defaulting party. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *see G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 816 (Tex. App.—Houston [1st Dist.] 1996, no writ). Katin has not cited and we have not found any cases where a default judgment was set aside after service has been "refused." Under these facts, Katin has not shown that its failure to accept service was due to mistake and not intent or conscious indifference, and we cannot conclude that the trial court's abused its discretion in denying Katin's motion for new trial. We overrule Katin's sole issue on appeal.

## CONCLUSION

Having overruled Katin's sole issue on appeal, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before: Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed:   August 24, 2006

8