Motion for Rehearing Overruled; Reversed and Remanded; Majority and
Dissenting Opinions Issued October 31, 2006 Withdrawn and Substitute Majority
and Dissenting Opinions filed January 11, 2007








Motion for
Rehearing Overruled; Reversed and Remanded; Majority and Dissenting Opinions Issued October 31, 2006 Withdrawn and Substitute
Majority and Dissenting Opinions filed January 11, 2007.




 
 
 
  
 
 
 




 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00206-CV

____________

 

HARVESTONS SECURITIES, INC., Appellant

 

V.

 

NARNIA INVESTMENTS, LTD., Appellee

 



 

On Appeal from the 270th
Judicial District

Harris County, Texas

Trial Court Cause No. 00-39672-A

 



 

S U B S T I T U T E   M A J O R I T Y   O P I N I O N[1]








Appellant Harvestons Securities, Inc., defendant in the
trial court, brings this restricted appeal of a default judgment rendered
against it and in favor of appellee Narnia Investments, Ltd., the plaintiff in
the trial court.  In three issues, Harvestons contends that service of process
was defective and therefore the trial court erred in rendering the default
judgment.  We reverse and remand. 

I.   Factual and Procedural Background

Narnia Investments filed suit against several defendants,
including Harvestons.[2] 
Narnia=s petition stated:

Harveston Securities, Inc. is a securities dealer registered with the
Securities and Exchange Commission, the National Association of Securities
Dealers, Inc. and the State of Texas (and as such, may be served with process
by serving the Texas Securities Commissioner at 200 E. 10th Street, 5th Floor,
Austin, Texas 78701).[3]

The
district clerk issued citation directed to AHarveston
Securities Inc. by serving the Texas Securities Commissioner[,] 200 E 10th
Street[,] 5th Floor Austin[,] Texas 78701.@  The return of
service indicates that the citation was served on September 7, 2000, at A200 E. 10th,
Austin, Tx. 78701 in Travis County . . . by delivering to Harveston Securities,
by serving the Texas Securities Commissioner, by delivering to JoAnn Kocerek
defendant, in person, a true copy of this Citation together with the
accompanying copy(ies) of the Petition attached thereto.@   








Harvestons did not file an answer or otherwise appear in
the case, and Narnia moved for default judgment.  The trial court granted an
interlocutory default judgment in favor of Narnia and against Harvestons for
$365,000, plus attorney=s fees,  prejudgment interest, and
postjudgment interest.  Two months later, the trial court severed the
interlocutory default judgment against Harvestons from the remaining claims
against the other defendants.  The trial court then rendered a final default
judgment against Harvestons awarding the same relief as in the interlocutory
judgment.

Five months after this final judgment, Harvestons filed an
unsworn motion for new trial claiming it had no actual knowledge of the pending
litigation before November 15, 2004.  Harvestons sought to have the default
judgment set aside.  The trial court lacked plenary power over Harvestons=s untimely motion
and denied it.  Harvestons then filed a timely restricted appeal.

II.  Issues Presented  

Harvestons asserts three similar issues on appeal, all of
which are premised on Harvestons=s contention that
the citation, service, and the return of service do not comply with Texas Rules
of Civil Procedure 16, 99, 106, and 107.  More specifically, Harvestons asserts
that service of process was invalid because: 

(1)     The return of service shows that process was
delivered to someone other than the one named in the citation.  The person
named in the citation was the Texas Securities Commissioner, and the return of
service states that process was delivered to AJoAnn Kocerek.@ 

(2)     The citation and the return of service do
not show that the person servedCJoAnn KocerekChad the authority to accept process
on behalf of Harvestons or the Texas Securities Commissioner.

(3)     The return of service does not show a valid
manner of service.

 

III.  Standard of Review








Harvestons may file a restricted appeal if (1) it filed
notice of restricted appeal within six months of judgment, (2) it was a party
to the underlying suit, (3) it did not participate in the hearing resulting in
the judgment on appeal and did not file timely postjudgment motions or requests
for findings of fact and conclusions of law, and (4) it shows error apparent on
the face of the record.  Alexander v. Lynda=s Boutique, 134 S.W.3d 845,
848 (Tex. 2004).  The scope of a restricted appeal (formerly writ of error) is
limited to error on the face of the record.  See Norman Communications v.
Texas Eastman, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).  Notably, in
restricted appeals, A[t]here are no presumptions in favor of
valid issuance, service, and return of citation.@  Fidelity &
Guar. Ins. Co. v. Drewery Const. Co., 186 S.W.3d 571, 573B74 (Tex. 2006); Primate
Const., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994).  This last rule
must be strictly observed because presumptions can neither be confirmed nor
rebutted by evidence in an appellate court.  Fidelity & Guar. Ins. Co., 186
S.W.3d at 573.  Thus, for example, if the citation says an amended petition was
attached (which named the defaulted party) and the return says the document
served was the original petition (which did not name the defaulted party), an
appellate court cannot tell from the record which is true.  Id. 
Similarly, if the petition says the registered agent for service is AHenry Bunting, Jr.@ but the citation
and return reflect service on AHenry Bunting,@ an appellate
court cannot tell whether the two names mean the same or different persons.  See
Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex.
1985).  Recognition of this lack of legal presumptions in favor of valid
issuance, service, and return of citation is critical to proper resolution of
this restricted appeal.

IV.  Analysis








In its second issue, Harvestons contends that service of
process was defective because the return did not show that the person servedCJoAnn KocerekChad the authority
to accept process on behalf of Harvestons or the Texas Securities Commissioner.[4] 
In response, Narnia contends that service was perfected because the record
reflects that service was made on the Texas Securities Commissioner, who
thereafter properly forwarded process to Harvestons.  In support of this
argument, Narnia relies primarily on the Capitol Brick line of cases.  See,
e.g., Capitol
Brick, Inc. v. Fleming Mfg. Co., 722 S.W.2d 399, 401 (Tex. 1986).   Before reaching the issue of
whether the return demonstrates that JoAnn Kocerek had the authority to accept
process on behalf of Harvestons or the Texas Securities Commissioner, we
address Narnia=s argument that, under the Capitol Brick line
of cases, service was proper in this case. 

The Capitol Brick line of cases is based on a
statute providing that all certificates issued by the Secretary of State
(hereinafter ASecretary@) in accordance
with the Texas Business Corporation Act shall be taken and received in all
courts as prima facie evidence of the facts therein stated.  See Tex. Bus. Corp. Act art. 9.05 (Vernon
2003); Campus Invs., Inc. v. Cullever, 144 S.W.3d 464, 465 (Tex. 2004)
(relying on article 9.05 in Capitol Brick analysis and agreeing with
analysis in G.F.S. Ventures, Inc. v. Harris); G.F.S. Ventures, Inc.
v. Harris, 934 S.W.2d 813, 818 (Tex. App.CHouston [1st
Dist.] 1996, no writ) (relying on article 9.05 in Capitol Brick
analysis).  Under its unambiguous language, article 9.05 of the Texas Business
Corporation Act does not apply to certificates issued by the Texas Securities
Commissioner (hereinafter ACommissioner@).  See Tex. Bus. Corp. Act art. 9.05. 
Although Narnia asserts that the Capitol Brick line of cases should
apply, Narnia does not identify any case applying this line of cases to
certificates issued by the Commissioner or to service on the Commissioner, and
our independent research has not revealed any such case.  Therefore, this issue
appears to be one of first impression.  

A.      Should the Capitol Brick
line of cases be extended so as to apply to certificates from the Texas
Securities Commissioner?

 








Article 581B30 of the Texas
Securities Act is the only part of that statute that is arguably similar to
article 9.05 of the Texas Business Corporation Act.  See Tex. Rev. Civ. Stat. Ann. art. 581B30 (Vernon Supp.
2005) (stating, in pertinent part, that A[c]opies of all
papers, instruments, or documents filed in the office of the Commissioner,
certified by the Commissioner, shall be admitted to be read in evidence in all
courts of law and elsewhere in this state in all cases where the original would
be admitted in evidence@).  Whereas article 9.05 states that facts
stated in certificates of the Secretary are received in all courts as prima
facie evidence, the Texas Securities Act states only that copies of documents
filed with the Commissioner shall be admitted into evidence in place of the
originals, if the copies are certified by the Commissioner and if the originals
otherwise would be admissible.  Compare Tex. Bus. Corp. Act art. 9.05 with Tex. Rev. Civ. Stat. Ann. art. 581B30.  Allowing the
admission of copies certified by the Commissioner if the originals would be
admissible is very different from accepting as true the factual statements
stated within the Secretary=s certificate.[5]

The Capitol
Brick line of cases is not grounded simply on the presence of a certificate
from a government official; rather, cases in this line also are based on the
following premises:

(1)     The Secretary has stated in
a certificate that a citation and petition in the case were served on the
Secretary in accordance with the Business Corporations Act; and 

(2)     Article 9.05 requires Texas courts to
receive such certificates as prima facie evidence of the facts stated therein.[6] 


See
Cullever, 144 S.W.3d at 465B66 (relying on certificate from Secretary
stating Secretary had been served with citation and petition and forwarded them
to defendant by certified mail); Capitol Brick, Inc., 722 S.W.2d at 400B01 (same); G.F.S.
Ventures, Inc., 934 S.W.2d at 818 (same); Vanguard Invs. v.
Fireplaceman, Inc., 641 S.W.2d 655, 656  (Tex. App.CHouston [14th
Dist.] 1982, writ ref'd n.r.e.) (same).  Significantly, the two certificates of
the Commissioner in this case contain neither of these predicates.  Both state
in pertinent part as follows:








I, DENISE VOIGT
CRAWFORD, Securities Commissioner of the State of Texas, do hereby certify that
I have caused to be made a careful examination of the records of the State
Securities Board, which records are kept under my supervision and control under
the provisions of [the Texas Securities Act] and from such examination, I do
further certify that the attached [number of attached pages] pages constitute a
true and correct record of information filed with the Securities Commissioner.

Unlike
the certificates issued from the Secretary of State, these two certificates do
not state: (1) that the Commissioner received or was served with a citation or
petition in any case or (2) that the attached documents accurately reflect the
actions or events stated or indicated therein.  Because the certificates in
question do not state that a citation and petition in the case were served on the
Commissioner, the Capitol Brick line of cases does not apply.[7]
See Cullever, 144 S.W.3d at 465B66; Capitol Brick, Inc., 722 S.W.2d at 400B01; G.F.S.
Ventures, Inc., 934 S.W.2d at 818; Vanguard Investments, 641 S.W.2d
at 656.  Although the Commissioner may very well have been served with process
as Harvestons=s agent and may have forwarded the citation and
petition on to Harvestons, a letter from the Commissioner is not a proper
substitute for a return of service showing strict compliance with the rules for
service. 








Furthermore, the
Commissioner=s certificates do not state that the one-page letter
contained in her files accurately reflects the actions or events stated or
indicated in the letter.[8]
Although the letter does refer to the cause number in the unsevered case in the
trial court, the letter does not state the Secretary has been served as
Harvestons=s agent for service of process.  It is addressed to
Harvestons and indicates it was sent by regular and certified mail.  The body
of this letter states in its entirety:

The Securities Commissioner has received process in the
above-referenced lawsuit.  Since Harveston Securities, Inc. [sic] is named as a
defendant, we are forwarding process to you.

Though
the letter states that the petition names Harvestons as a defendant, the letter
does not state that the Commissioner received citation addressed to Harvestons.[9] 
The documents attached to the certificates in question do not reflect a copy of
any enclosure that may have accompanied the letter.  Nor do these documents
reflect that Harvestons received any letter from the Commissioner.[10]








Texas courts strictly enforce compliance with
service-of-process statutes.  See Whitney v. L&L Realty Corp., 500
S.W.2d 94, 97 (Tex. 1973) (reversing a default judgment because the record
included proof of service on the Secretary, but not a certificate that
the Secretary had forwarded process to the defendant); World Distributors,
Inc. v. Knox, 968 S.W.2d 474, 478 (Tex. App.CEl Paso 1998, no
pet.) (finding service defective under section 17.045 where nothing in the record
affirmatively established that the address provided to the Secretary was the
home office of the defendants).  Substantial compliance will not suffice. Thus,
even presuming that Harvestons had actual knowledge of Narnia=s lawsuit, it
still would not be proper to affirm the default judgment on this basis.[11] 
See North Carolina Mut. Life Ins. Co. v. Whitworth, 124 S.W.3d 714, 721
(Tex. App.CAustin 2003, pet. denied)  (concluding that despite the
indications in the record that appellant eventually received a copy of the
citation and petition, the service of citation did not strictly comply with the
rules of procedure and therefore the default judgment cannot stand). 








The strict-compliance requirements in the default
judgment context preclude courts from making even the most obvious and rational
inferences.  See, e.g., Verlander Enter., Inc. v. Graham, 932 S.W.2d
259, 262 (Tex. App.CEl Paso 1996, no writ) (holding that a notation of AJim Gore@ rather than A[corporation] through its vice‑president,
Jim Gore@ on return did not establish that
person served was in fact corporation=s agent for service of process, nor
did it establish that corporation was served, and thus return was insufficient
to convey jurisdiction over corporation upon trial court).  The certificates
in question and the documents attached thereto are not the legal equivalent of
either a proper return of service or the Secretary=s statements in a
certificate showing proper service of the citation and petition under the
applicable statute.[12] 
Therefore, we decline to extend the Capitol Brick line of cases to the
certificates in this case.  See Tex. R. Civ. P.  107; North Carolina Mut. Life Ins. Co., 124 S.W.3d at 721.  Because this line
of cases does not apply, our record must reflect strict compliance with the
rules for issuance of citation, service, and return of service.  B.     Does the record reflect that
the return of service for process vested the trial court with jurisdiction
to render the default judgment? 

A default judgment cannot withstand a direct attack by a
defendant who shows that it was not served in strict compliance with the rules
governing service of process.  Primate Constr., Inc., 884 S.W.2d at
152.  In contrast to the usual rule that all presumptions will be made in
support of a judgment, in a restricted appeal there are no presumptions of
valid issuance, service, or return of citation when examining the default
judgment. See Id.; Massachusetts Newton Buying Corp. v. Huber,
788 S.W.2d 100, 101 (Tex. App.CHouston [14th Dist.] 1990, no writ).  In
the absence of an appearance by the defendant in question, there must be an
affirmative showing of due service of process, independent of the recitations
in the default judgment.  Huber, 788 S.W.2d 100, 101.








The recitations in the return of citation are prima facie
evidence of the facts recited in the return.  Primate Constr., Inc., 884
S.W.2d at 152.  The recitations in the return of citation carry enough weight
that they cannot be rebutted by the uncorroborated proof of the moving party.  Id. 
Further, a return of citation does not cease to be prima facie evidence of the
facts of service simply because the facts are recited in a form rather than
filled in by the process server.  Id.  It is the responsibility of the
party requesting service, not the process server, to see that service is
properly accomplished.  See id. This responsibility extends to seeing
that the service is adequately reflected in the record.  Id.  If proper
service is not affirmatively shown in the record, then error exists on the face
of the record and a default judgment cannot stand.  Id.

Texas Rule of Civil Procedure 107, which governs the return
of citation, reads in pertinent part:

The return of the officer or
authorized person executing the citation shall be endorsed on or attached to
the same; it shall state when the citation was served and the manner of service
and be signed by the officer officially or by the authorized person.

Tex. R. Civ. P. 107.  The return of citation is not a
trivial or merely formalistic document. See Primate Constr., Inc., 884
S.W.2d at 152.  If any of these requirements are not met, the return of
citation is fatally defective and will not support a default judgment under
direct attack.  See McGraw‑Hill, Inc. v. Futrell, 823 S.W.2d 414,
416 (Tex. App.CHouston [1st Dist.] 1992, writ denied). 

In this case, the return of service indicates that the
citation was executed on September 7, 2000, at A200 E. 10th,
Austin, Texas 78701 in Travis County . . . by delivering to Harvestons
Securities, by serving the Texas Securities Commissioner, by delivering to
JoAnn Kocerek, defendant, in person, a true copy of this citation together
with the accompanying copy of the petition attached thereto.@  (emphasis
added).  Harvestons contends that the return of service is defective because
there is no showing in the record that JoAnn Kocerek is authorized to accept
service on behalf of it or the Texas Securities Commissioner.   








The face of the record does not identify Jo Ann Kocerek or
her status or affiliation,  if any, with the Texas Securities Commissioner. 
Neither the return nor any other portion of the record designates Jo Ann
Kocerek as an authorized representative of the Commission or indicates that she
has the authority to receive service on behalf of Harvestons or the
Commissioner.  Indeed, it is simply not possible to determine from the record
who Jo Ann Kocerek is or whether she is an agent authorized to accept service
on behalf of either the Commissioner or Harvestons.  Without an indication on
the face of the record of her capacity or authority, if any, to receive
service, the granting of the default judgment was improper.  Compare Reed
Elsevier, Inc. v. Carrollton‑Farmers Branch Indep. Sch. Dist., 180
S.W.3d 903, 905 (Tex. App.CDallas 2005, pet. denied) (concluding that
return of service was defective because it did not indicate the capacity of ADanielle Smith@ or why she was
served with process); and Benefit Planners L.L.P. v. RenCare, Ltd., 81
S.W.3d 855, 861 (Tex. App.BSan Antonio 2002, pet. denied) (holding
that service was defective because the return did not recite that the citation
was delivered to ABenefit Planners through its registered
agent.@); Barker CATV
Constr., Inc. v. Ampro, Inc., 989 S.W.2d 789, 793 (Tex. App.CHouston [1st
Dist.] 1999, no pet.) (holding that the return showing service on AJames Barker@ does not
establish that he was defendant=s agent or that Barker CATV Construction,
Inc. was served); and Galan Enter. v. G. Wil-Tex Co., Inc., No. 01‑92‑01246‑CV,
1993 WL 471403, at * 1B2 (Tex. App. CHouston [14th
Dist.], Nov. 18, 1993, no pet.) (concluding that return of service was invalid
because party failed to establish that Barbara Galan was in fact a person
authorized to accept service) (not designated for publication); with
Pleasant Homes Inc. v. Allied Bank of Dallas, 776 S.W.2d 153, 154 (Tex.
1989) (holding that the return of service was sufficient where the return=s reference to a AV.P.@ was deemed prima
facie evidence of the person=s identity).  Harvestons has established
error on the face of the record.  Service of process was defective.  Therefore,
the trial court erred in granting a default judgment against Harvestons. 
Accordingly, we sustain Harvestons=s second issue.[13] 
       








We reverse the trial court=s default judgment
and remand this case for further proceedings consistent with this opinion. 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered; Majority Opinion
of October 31, 2006 Withdrawn and Substitute Majority Opinion filed January 11,
2007.

Panel
consists of Justices Anderson, Edelman, and Frost.  (Edelman, J., dissenting).









[1]  We overrule appellee=s motion for rehearing. The majority opinion of October 31, 2006 is
withdrawn, and this Substitute Majority Opinion is issued in its place.





[2]  Jon Ginder is also named as a plaintiff asserting
claims against Harvestons.  Ginder, however, did not move for or obtain a
default judgment against Harvestons, and Ginder=s claims, if any, were not severed from the main action by the trial
court=s subsequent severance order.





[3]  The petition, citation, and return of service all
use the name AHarveston Securities, Inc.@  However, the document appointing the Commissioner as
Harvestons=s agent for service of process as well as the default
judgment use the name AHarvestons Securities, Inc.@





[4]  We address Harvestons=s second issue first because if this issue is resolved in Harvestons=s favor, it wil be dispositive of the entire appeal. 





[5]  The dissent states that it would not be logical for
the Secretary=s certificate to carry more weight than that of the
Commissioner.  See post at 4, n.6.  However, we look to the plain
meaning of the respective statutes, and we note the differences in the
statutory language.  Our function is not to question whether there is a sound
basis for the differences in the respective statutes but to apply them as
written. See Nat=l Liab.
& Fire Ins. Co. v. Allen, 15
S.W.3d 525, 527 (Tex. 2000); Lee v. City of Houston, 807 S.W.2d 290, 293
(Tex. 1991).  





[6]  Such a certificate from the Secretary is known as a AWhitney certificate@
based on the name of the case in which the Texas Supreme Court first held such
a certificate necessary.  See Whitney v. L&L Realty Corp., 500
S.W.2d 94, 96 (Tex. 1973); Wright Bros. Energy, Inc. v. Krough, 67
S.W.3d 271, 273, n.1 (Tex. App.CHouston [1st
Dist.] 2001, no pet.).





[7]  At present, whenever the Commissioner is served with
process as agent for dealers such as Harvestons, the Texas Securities Act
states that the Commissioner must forward the process received by mail to the
dealer=s last known address.  See Tex. Rev. Civ. Stat. Ann.  art. 581B8 (Vernon Supp. 2006).  Until September 1, 2001­, it
appears that the Texas Securities Act did not expressly require the Secretary
to forward any process that had been served upon the Secretary as agent for
dealers such as Harvestons.  See Texas Securities Act, 55th Leg., R.S.,
ch. 269, _ 16, 1957 Tex. Gen. Laws 575, 593, repealed by Act
of May 27, 2001, 77th Leg., R.S., ch. 1091, _ 2.24, 2001
Tex. Gen. Laws 2399, 2419 (current version at Tex.
Rev. Civ. Stat. Ann. art. 581B8
(Vernon Supp. 2006)).  The absence of such language from the Texas Securities
Act when JoAnn Kocerek was served in September 2000, does not affect our
analysis of whether the Capitol Brick line of cases should be extended
to certificates from the Commissioner.    





[8]  In its motion for rehearing, Narnia argues that the
Commissioner=s certificates are public records under Texas Rule of
Evidence 803(8) as well as proper evidence of the contents of the Commissioner=s files under Texas Rule of Evidence 901(b)(7). 
However, even if these arguments are correct, that does not alter the reality
that the Commissioner=s certificates themselves do not address whether the
Commissioner received or was served with a citation or petition in any case. 
Even presuming the two-sentence letter attached to one of the certificates is
identical to a document contained in the Commissioner=s files, this only proves that such a document exists
in the Commissioner=s files.  It is not the equivalent of the Commissioner
certifying that she has been served with process in this case as Harveston=s agent for service of process.





[9]  In its motion for rehearing on appeal, Narnia
asserts for the first time that, in the letter, the Commissioner Aadmitted that she had received process pursuant to
Harvestons[=] power of attorney.@  However, the Commissioner=s
letter does not make this statement.   





[10]  In its motion for rehearing in this court, Narnia
argues for the first time that the Commissioner=s two certificates and the documents attached thereto A[t]aken together . . . qualify as a party=s admission under [Texas] Rule [of Evidence]
801(e)(2)(D).@  Narnia cites no cases holding that statements by an
agent for service of process in a letter are admissions binding on the
principal.  In any event, the assertion that the Commissioner=s letter contains admissions does not address the
content of the Commissioner=s statements in
the letter and whether this letter should be considered as a substitute for a
return of service under the Capitol Brick line of cases.





[11]  Narnia refers to evidence attached to its response
to Harvestons=s untimely motion for new trial.  This evidence
contradicted an affidavit attached to Harvestons=s motion.  However, on a restricted appeal, we cannot consider this
evidence because it was not before the trial court when the trial court
rendered the default judgment.  See Alexander, 134 S.W.3d at 848B49.





[12]  On rehearing, Narnia asserts case is very similar to
Interconex, Inc. v. Ugarov, No. 01-05-00524-CV, CS.W.3dC,C, 2006 WL 2506562, at *10B13 (Tex. App.CHouston
[1st Dist.] Aug. 31, 2006, no pet. h.).  We disagree.  The Interconex
court held that the trial court did not abuse its discretion in denying
appellant=s motion to set aside a default judgment because there
was sufficient evidence that appellant=s
failure to answer was not the result of an accident or mistake.  See id.  In
Interconex, the defendant=s
agent for service of process testified there was Ano doubt@ that his signature was on the citation; yet he also
contended that he had not been served with process.  See id. at *11B12.  He also testified that he forwarded all process
that he received as Interconex=s agent to
Interconex=s president and its attorney. See id. The Interconex
case did not involve a restricted appeal or any issue regarding the validity or
sufficiency of the service of process or the return of citation.  See id.
at *10B13.  Nor did the Interconex case involve the
application of the Capitol Brick line of cases.  See id.





[13]  Because we sustain Harvestons=s second issue, it is not necessary for this court to
reach Harvestons=s other appellate issues, all of which are related to
defective service of process.